WILLY WALLACH *et al.*, as Executors of the Last Will and Testament of the late Willy Wallach, Respondents, *against* THE COMMERCIAL FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

(Decided March 14th, 1884.)

In an action on a policy of insurance against fire, the complaint in which pleads the policy according to its legal effect merely, without setting forth or annexing a copy, an answer by which defendant admits the issue of a policy, " but denies that its terms and provisions are in said amended complaint correctly or fully stated, and defendant leaves it to show its terms by its production and proper proof upon the trial of the issues," is not a general or specific denial of the material allegations of the complaint required by the Code of Civil Procedure (§ 500), such as to require proof of the policy on the part of the plaintiffs.

In such an action, an inventory of the stock of goods insured, commenced within a month before and not completed at the time of the fire by which the goods were destroyed, was offered in evidence on behalf of plaintiffs. *Held*, that it was properly admitted, not as evidence in itself, but for the purpose of identification, to enable witnesses to testify to the contents of the entries, notwithstanding objections that sales were made from the stock during the month, and that the prices were not affixed until after the fire, there being also evidence of the amount of such sales, and that

the prices so affixed were the correct values at the time of the fire; but that a mere approximate statement of the stock on hand five months before the fire, offered on behalf of defendant, showing a less amount on hand at that time, as estimated by deducting from the sales the assumed profit of the preceding month and deducting the net sales from the purchases, was properly excluded.

APPEAL from a judgment of this court entered upon the verdict of a jury.

The action was brought upon a policy of fire insurance in the sum of $5,000 issued October 3d, 1881, for one year from October 9th, 1881, upon a stock of goods destroyed by fire January 31st, 1882. At the trial, the jury found a verdict for plaintiffs for the amount of the policy, with interest, being the sum of $5,358.53. From the judgment for plaintiffs entered upon this verdict, defendant appealed.

*G. A. Clement,* for appellant.

*Lewis Sanders,* for respondents.

J. F. DALY, J.—The complaint set forth the issuing of the policy; the answer admitted the issuing of a policy but denied that its terms and provisions were correctly or fully stated in the complaint, and defendant left it to show its terms by its production and proper proof upon the trial of the issues. This was not a general nor a specific denial of the allegations of the complaint as required by the Code. The complaint alleged that the policy was issued by defendant on October 3d, 1881, to Willy Wallach (plaintiffs' testator) for a valuable consideration, whereby for the period of one year from 12 o'clock noon on the 9th day of October, 1881, to 12 o'clock noon on the 9th day of October, 1882, the defendant insured said Willy Wallach in the sum of $5,000 from loss or damage by fire on merchandise, hazardous and extra hazardous, including stationery and lithographic prints, his own or held by him in trust or on commission or sold but not delivered, contained in the buildings situate Nos. 35, 36, 37 and 38 Park Row, No. 4

Beekman Street, and in the basement of Nos. 35 and 36 Park Row, and extending along through to Nos. 141, 143 and part of 145 Nassau Street, all adjoining and communicating in New York City, and agreed to pay the actual cash value of said loss or damage within sixty days after due notice and proof thereof. The answer admitted the issue of a policy to Willy Wallach, but denied that its terms and provisions are in the complaint " correctly or fully " stated. It is not possible to ascertain from this form of denial what is denied to be correct and what is alleged to be incomplete. There is, therefore, no general nor specific denial of the material allegations of the complaint (Code Civ. Pro. § 500). The plaintiff was not, therefore, bound to prove the policy, it not being denied, and the exceptions in that regard are not well taken.

It appears from the statement in the bill of exceptions that there was other insurance upon the stock amounting to the total sum of $57,000, all of which had been paid. One question in the case was whether property had been destroyed by the fire exceeding in value that amount. It was left to the jury, under the instruction that the plaintiffs could only recover for the amount of property actually destroyed and covered by this insurance ; that the plaintiffs assumed the amount destroyed to be $72,000, and that if such was the fact, as the whole insurance, including this $5,000, would be $62,000, plaintiffs would be entitled to recover ; but if the jury found that the loss did not amount to $62,000 plaintiffs could only recover the amount which might possibly be covered by the policy. The defendant asked the court to charge that if the jury was not satisfied that the loss amounted to $57,000 they could find a verdict for defendant. The judge refused, saying that he had instructed the jury as much as he was called upon to do. Defendant excepted. I think that the jury clearly understood from the charge as made, part of which I have quoted, that the plaintiffs could not recover from this defendant for losses for which they had been indemnified by the other insurance ; the exception was therefore not well taken.

The other exceptions relied upon by appellant were those taken, (1.) to admission of evidence as to the amount and value of goods destroyed, and (2.) to exclusion of evidence on that point.

The fire occurred January 31st, 1882. During the first week of January, 1882, the employés of the assured commenced taking an inventory, which was not completed at the time of the fire, and no prices nor values were attached to the inventory until after the fire. The books containing the inventory were admitted in evidence by the court as contemporaneous entries at the time stock was taken, and merely for the purpose of identification, so as to enable the witnesses to testify to the contents of the entries, not as evidence themselves.

It was not questioned that the goods mentioned in these books of inventory were in the store when the entries were made, but it was objected that sales had been made from the same shelves during the entire month, and also that the prices were affixed after the fire.

The fact that sales were made did not render the inventory as such inadmissible in evidence. The inventory was allowed as evidence of the goods actually in the store when it was made, not as a list of the goods destroyed by the fire. What was destroyed could be ascertained by subsequent proof of sales. The bill of exceptions does not show that there was no proof of the sales made in January. I think on the contrary that such proof was in the case from the statement in folio 6, as to the "estimated increase of stock during the month of January, 1882, arrived at by taking from the total receipts of stock in January the *total sales* less the profits." The fact that the prices were not affixed until after the fire was of no consequence, as the witnesses swore that the prices or values affixed were correct. The objection to the admission of the paper was not that the values were not shown to be correct, but that they had been affixed to the inventory after it had been taken, and after the fire. The objection and exception are not good.

Wallach v. Commercial Fire Ins. Co. of N. Y.

The court excluded a paper containing an estimate of the stock on hand September 1st, 1881, which had been prepared at that date by the book-keeper and shown to the assured, who directed his attention to an error in addition, but made no other correction. The paper was not an inventory but an approximate statement made by deducting from the sales the assumed profit of the preceding month, and deducting the net sales from the purchases. The appellant excepted to the exclusion and now argues that the evidence was proper as an admission by the assured of the amount of his stock five months before the fire. As the unquestioned evidence of witnesses proved the actual presence of a certain quantity of stock on the shelves, and of consigned goods to a certain amount in January, 1882, it is difficult to see how evidence of a less amount on hand in the previous September established anything material to the issue. The inventory in January was not alone made by W. Wallach, the witness who made up the estimate of September, but was made, as the bill of exceptions states, by "a number of witnesses, former employés of Mr. Wallach, deceased, whose testimony was that during the first week in January, the month of the fire, they commenced the taking of an inventory which was not completed at the time of the fire . . . . . the incomplete wholesale inventory taken in January amounted to $52,201.22, exclusive of consigned goods received during that month and McLaughlin Bros,. goods. The retail inventory for January, 1882, footed up $7,572. McLaughlin Bros'. goods amounted to $3,900. The consigned goods on hand January 1, 1882, footed up $4,218.74. The goods not included in the wholesale inventory were estimated at $4,000." The proof thus given by so many witnesses as to the stock in January could not be affected by the estimate of the bookkeeper Wallach as to the stock in September.

The judgment should be affirmed, with costs.

LARREMORE and BEACH, JJ., concurred.

Judgment affirmed, with costs.