## YOUNG & FLETCHER CO. v. WELSBACH LIGHT CO. et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

PROCESS—SERVICE ON FOREIGN CORPORATIONS.

    Code Civ. Proc. § 432, provides that, where no one has been designated by a foreign corporation to receive service of summons, and certain officers designated cannot be found within the state, and the cause of action arose in the state, service may be had on the cashier, a director, or "managing agent within the state." *Held*, in an action for malicious prosecution, that a summons served personally on the manager of a foreign corporation while in the state is sufficient as a service on a "managing agent within the state," though the company has no place of business in the state.

Appeal from special term, Kings county.

Action by the Young & Fletcher Company against the Welsbach Light Company and others. From an order denying defendants'

motion to set aside the service of the summons, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Alfred Ely, for appellants.

Ralph Earl Prime, Jr., for respondent.

WOODWARD, J.   The plaintiff is a domestic corporation, and had successfully defended an action brought by the appellant in the United States circuit court for the Southern district of New York for an alleged infringement of its patent; and this action was brought for malicious prosecution, it being urged that the action for alleged infringement of letters patent was brought without probable cause therefor.   The appellant is a foreign corporation organized under the laws of New Jersey, and has its factory and only place of business in Gloucester City, in the same state.   The service of the summons sought to be set aside was made by delivering a copy of the summons and complaint, addressed to the appellant, to Sidney Mason, who describes himself in an affidavit in the United States circuit court action as "at present manager of the Welsbach Light Company," and as having "been connected with the company continuously for the past eight years, during which time I have had to do with the development of its now very extensive business, amounting in the aggregate to several millions of dollars per year, and extending throughout and to every part of the United States and its territories." The point raised by the appellant is that the summons was not properly served upon it in accordance with the provisions of section 432 of the Code of Civil Procedure.   Mr. Mason, it is conceded, is not the president, treasurer, or secretary of the defendant corporation. It is also conceded that no person has been designated for the purpose of accepting service of papers, as provided by subdivision 2 of the section; neither the first nor second subdivision, therefore, being involved.   The section, in so far as it relates to the matter now before us, reads:

"Personal service of the summons, upon a defendant, being a foreign corporation, must be made by delivering a copy thereof, within the state, as follows: * * * (3) If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the state, or the cause of action arose therein; to the cashier, a director, or a managing agent of the corporation, within the state."

The corporation has no property in this state, but the cause of action arose within the jurisdiction, and the summons was personally served upon Mr. Mason, who is not an officer or director of the corporation, nor a cashier, while he was within the state of New York; and the question here presented is whether he was "a managing agent of the corporation within the state."   The appellant offers elaborate affidavits from the president of the defendant company and others in a position to know, in which it is asserted that "the Welsbach Light Company has not at any of the times mentioned in the complaint done business in the state of New York, nor had any

managing agent or agents or representative of any kind in its employ residing or having an office in the state of New York," and that "Mr. Sidney Mason is, and at all times mentioned in the complaint was, a resident and citizen of the state of Pennsylvania. He is not, and never was, managing agent, or any agent, of the defendant Welsbach Light·Company, within the state of New York." It is also stated in the affidavit of the president of the corporation that "Mr. Mason, at the times mentioned in the complaint in this action, was in the employ of the Welsbach Light Company, and its business manager at the factory of said company at Gloucester, New Jersey, having as such his sole office and place of business at said Gloucester City." Notwithstanding these facts, we are of opinion that Mr. Mason was, within the contemplation of section 432 of the Code of Civil Procedure, a managing agent of the defendant within the state of New York, and that the service of a summons upon him within this state· was a good service upon the defendant company. Mr. Mason was held out to the world, not as the managing agent of the defendant company in the state of New York particularly, but as the manager of the company generally. He wrote letters in which the headings announced him as follows: "Welsbach Light Company. Sidney Mason, Manager. Factory Office: Gloucester City, N. J." He· signed these letters, "Sidney Mason, Manager," and as the general manager of the company he was the managing agent of the corporation within the state of New York, or in any other state in which the corporation had any business affairs to be transacted. He was the only man to whom attention was called as the representative of the corporation. He was the officer whose position, rank, and duties· made it, in the language of the court in Palmer v. Pennsylvania Co., 35 Hun, 369, 99 N. Y. 679, "reasonably certain that the defendant will be apprised of the service made."

The exact question here presented seems never to have been authoritatively determined. In Coler v. Bridge Co., 84 Hun, 285, 32 N. Y. Supp. 439, where the person served in the state of New York was the Illinois representative of the defendant, the court held that "a reasonable requirement seems to be that the person served should be of sufficient responsibility to render it probable that the company will receive notice of the service." This case was reversed on appeal, the court holding (146 N. Y. 281, 40 N. E. 779) that not "enough was shown to make out that Curtis was 'a managing agent' of the foreign corporation." The court makes no suggestion that "a managing agent" of the corporation, if he was in fact a managing agent, might not be served in this state, but bases its reversal upon the uncertainty as to "whether the capacity in which he represented and served the· company was of such a nature as to impose upon him those duties and responsibilities which would raise him to the level of 'a managing agent.'" "His relation to the company," says the court, "as its 'representative' in the city of Chicago, may very possibly have been of a restricted nature." But the court adds: "It is not necessary that the office of the person to whom the summons is delivered in a suit against a foreign corporation should be precisely described as that of 'a managing agent,' because, as we think, from the language·

of section 432 of the Code of Civil Procedure, it was intended that any person holding some responsible and representative relation to the company, such as the term 'managing agent' would include, might be served with the summons." It seems clear that the only person who appears to be held out by the corporation as its manager is occupying the relation of "a managing agent" within the state of New York or any other state where the corporation may have business to transact, and that, if such manager is served with a summons directed to the corporation of which he is manager in another state while he is within the state of New York, it is a good service. It has clearly served the purpose of a summons. It has given notice to the corporation of the pendency of the action, has afforded it an opportunity to come in and defend, and it is difficult to conceive of a better notice to a corporation than one to the person who is announced as its manager. Such a service would be good upon a domestic corporation under the provisions of section 431 of the Code of Civil Procedure, and we know of no reason why a preference should be given to a foreign corporation, which seeks to stand upon a mere technical construction of the language of the Code.

The order appealed from should be affirmed, with costs. All concur.

