THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS SPAET, Appellant, v. THE WARDEN OF THE CITY PRISON, KINGS COUNTY, Respondent.— Relator's conviction by the city magistrate, holding the Domestic Relations Court, was by a tribunal of competent jurisdiction. As to the relator its judgment is final until reversed on appeal. The writ of habeas corpus does not bring up for review the court's rulings as to the legal effect of the annulment decree entered by the Nevada court on the wife's default. (*People ex rel. Farrington* v. *Mensching*, 187 N. Y. 27; *People ex rel. Price* v. *Hayes*, 151 App. Div. 561.) The order of the justice at Special Term dismissing the writ is, therefore, affirmed. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

FREDERICK LINDE RYON, Respondent, v. JOHN WANAMAKER, NEW YORK, and JOHN J. DIXON, Appellants.— Order reversed, without costs, and motion denied, without costs, on condition that defendants within ten days stipulate to waive compliance by plaintiff with those two paragraphs of the order for the bill of particulars concerning which plaintiff is permitted to examine the witnesses. In default of such stipulation the order is affirmed, with ten dollars costs and disbursements. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

FRANCIS J. SCHLEICHER, Appellant, v. THE CITY OF NEW YORK and INTERBOROUGH RAPID TRANSIT COMPANY, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concur.

JACK L. SIMON, Respondent, v. WALDINGER & GLASER, INC., Appellant.— The answer does not deny the allegation of plaintiff's employment for a commission in addition to weekly wages. Alleging that the terms are not fully set forth in the complaint " and for the full and correct terms whereof the defendant begs leave to refer upon the trial;" and stating that the agreement has been modified " but that the terms of said agreement as so modified are not fully or correctly set forth in the complaint," without stating the change — thus leaving the facts covert — do not constitute a good denial. (*Wallach* v. *Commercial Fire Ins. Co. of N. Y.*, 12 Daly, 387; *Murray* v. *New York Ins. Co.*, 9 Abb. N. C. 309; *Matter of Bielby*, 91 Misc. Rep. 353, 364.) Under such an answer, even before interlocutory judgment, plaintiff may have an examination before trial as to the matters specified. The order is, therefore, affirmed, with ten dollars costs and disbursements. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

MARY A. STOCKFLETH, as Administratrix, etc., of HENRY STOCKFLETH,. Deceased, Respondent, v. GUY F. CLEGHORN, Appellant.— Judgment and order affirmed, with costs. No opinion. Rich, Kelly and Jaycox, JJ., concur; Mills, J., dissents on the ground that upon the theory upon which the case was submitted to the jury in the charge, viz., that the decedent stepped suddenly in front of the automobile, the verdict cannot be sustained, with whom Jenks, P. J., concurs.