BOGERT & HOPPER, INC., Appellant, *v.* WILDER MANUFAC-
TURING COMPANY, Respondent.

First Department, July 1, 1921.

**Corporations — foreign corporation — service of summons on secre-
tary and treasurer while attending manufacturers' fair in this
State — defendant was doing business in this State at time of
service.**

The law is well settled that a foreign corporation may not be served with
process merely by service upon an officer or agent of the corporation
temporarily within the State, unless the corporation at the time is
transacting business in this State.

The defendant, a foreign corporation, was transacting business in this
State at the time the summons in this action was served on its secretary
and treasurer in New York city, where it appeared that at the time of
service he with other employees of the defendant was in attendance upon
a manufacturers' fair which continued for several weeks; that the defend-
ant, represented by its secretary and treasurer, occupied a room in an
hotel, on the door of which was placed a sign bearing defendant's name,
and exhibited therein samples of merchandise for sale to jobbers who
attended the fair; that said secretary took such orders as he could during
the period of the fair, and that the main purpose of the defendant being
represented was to take orders for its product.

APPEAL by the plaintiff, Bogert & Hopper, Inc., from an
order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 7th day of April, 1921, granting defendant's
motion to set aside the service of the summons and complaint.

*Thomas P. Hall,* for the appellant.

*George C. Winne* of counsel [*Crim & Wemple,* attorneys],
appearing specially, for the respondent.

MERRELL, J.:

The defendant is a foreign corporation, organized and
existing under the laws of the State of Missouri, having its
office and factory in the city of St. Louis, Mo. The summons
and complaint herein was served upon one Oliver Bobe, the
secretary and treasurer of the defendant corporation, in
the city of New York. At the time of the service of the
summons and complaint herein the defendant's said secretary
and treasurer, together with an employee of the defendant,

was in attendance at a toy manufacturers' fair held at the Imperial Hotel in the city of New York. The toy fair in which exhibitors from all over the United States attend and exhibit their wares is an annual function, and in 1921 was conducted at the Hotel Imperial, New York city, from February first until March twelfth. The proofs show that several manufacturers were exhibiting their wares at such fair; that the defendant corporation, represented by its said secretary and treasurer, occupied room 239 in said hotel for its exclusive use; that over the outer door of said room the defendant, during said fair, maintained a sign reading, " Wilder Manufacturing Company;" that besides defendant's secretary and treasurer, one George A. Bauer, an employee of said company, was in charge of said room and the merchandise exhibited for sale therein. While said fair was in progress, and on February 7, 1921, the summons and complaint herein was personally served upon said secretary and treasurer of the defendant in New York city. Upon a motion to set aside such service Bobe, secretary and treasurer of the defendant, made an affidavit that the defendant participates once a year in said fair by placing on exhibition at the rooms in which the same is held samples of its merchandise in common with all the principal toy manufacturers in the United States; that said fair is attended by many jobbers and other merchants from all over the United States, and that all of the exhibitors at said fair, including the defendant, take such orders as may be secured from the persons attending the said fair; that none of the merchandise of the defendant on exhibition is for sale and none of it is sold; that every order taken at the said fair is taken to be forwarded to the office of the defendant at St. Louis and there filled and the credit of the purchaser there approved, and that no order thus taken is final or binding until the same has been accepted and the credit of the purchaser approved by the company's office at St. Louis.

The law is well settled that a foreign corporation may not be served with process merely by service upon an officer or agent of the corporation temporarily in the State, unless the corporation at the time is transacting business in the State. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) The only question involved upon this appeal is as to

whether or not, under the circumstances of the present case, it satisfactorily appears that the defendant was, within the authorities, transacting business in the State of New York at the time of the service of the summons and complaint herein upon Bobe, its secretary and treasurer. The answering affidavit of the attorney for the plaintiff herein states that the defendant advertised in trade papers, advertising its complete line of toy merchandise at said fair for sale, and that the said attorney received from Bauer, defendant's employee at said fair, an illustrated catalogue of defendant's merchandise and saw other of said catalogues at said fair apparently for the purpose of distribution and obtaining orders.

It seems to me the affidavit of defendant's secretary and treasurer conclusively proved that the defendant was, through taking orders for merchandise at said fair during the six weeks of its continuance and transmitting the same to the home office of the defendant at St. Louis, clearly doing business in the State of New York. It was said in *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259) that " Unless a foreign corporation is engaged in business within the State, it is not brought within the State by the presence of its agents. But there is no precise test of the nature or extent of the business that must be done. All that is requisite is that enough be done to enable us to say that the corporation is here [citing cases]. If it is here it may be served."

It clearly appears from the affidavit of the defendant's secretary and treasurer that the main purpose of defendant's being represented at said fair was to take orders for its wares. In so doing, I think that unquestionably the defendant was engaged in transacting business within the State of New York at the time of the service of said summons, and that thereby the court obtained jurisdiction of the defendant.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.