GUY F. CLEGHORN, Appellant, *v.* THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, OF LONDON, Respondent.

Second Department, March 26, 1926.

Judgments — summary judgment — action by insured in automobile indemnity insurance policy to recover from insurer amount paid to representatives of person killed — defendant denied any knowledge or information sufficient to form belief as to payment and satisfaction of judgment against plaintiff — action against plaintiff was defended by defendant — plaintiff's affidavits show settlement and execution of receipt and satisfaction of judgment which were produced on motion — no issue raised — error to deny plaintiff's motion for summary judgment under Rules of Civil Practice, rule 113 — judgment against plaintiff was greater than face of policy — policy required defendant to pay costs and interest on judgment — plaintiff may recover amount of policy and interest thereon down to date of payment and costs in all courts and interest thereon from dates of entry of respective judgments.

In this action by the plaintiff to recover from the defendant who had issued an automobile indemnity insurance policy to the plaintiff, the amount paid by the plaintiff to representatives of a person killed through plaintiff's negligence, the plaintiff is entitled to summary judgment under rule 113 of the Rules of Civil Practice, since it appears that the negligence action against the plaintiff was defended by the defendant; that the defendant in this action merely denies any knowledge or information sufficient to form a belief as to the payment and satisfaction of the judgment recovered in the negligence action against the plaintiff; that the plaintiff's affidavits show that the plaintiff has paid the judgment recovered against him and has received a receipt from the representative of the person killed and his next of kin and heirs at law, and a satisfaction of the judgment properly executed, but not filed, which receipt and satisfaction the plaintiff produced on the motion for summary judgment; and that the plaintiff agreed to deliver the satisfaction to the defendant upon receipt of the amount due under the policy.

Under the pleadings and affidavits presented no issue was raised by the defendant, since its only contention is that it has no knowledge as to the satisfaction of the judgment, which contention is met squarely by the production on the motion of the receipt given to the plaintiff and a satisfaction of the judgment properly executed.

Since the recovery against the plaintiff in the negligence action was for a sum greater than the face of the policy, and since the policy provides that the defendant will pay all costs and interest, the plaintiff is entitled to recover the face of the policy plus interest thereon down to the date of the payment of the judgment, and he is entitled to recover, also, the costs in all the courts through which the negligence action went and interest thereon from the dates of entry of the respective judgments therein.

LAZANSKY, J., dissents.

APPEAL by the plaintiff, Guy F. Cleghorn, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Nassau on the 18th day of

December, 1925, denying plaintiff's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

*Henry A. Uterhart* [*Alfred M. Schaffer* with him on the brief], for the appellant.

*E. F. Warrington* [*Robert H. Woody* with him on the brief], for the respondent.

KAPPER, J.    The action is upon an indemnity policy of insurance issued by the defendant to the plaintiff on October 11, 1916, in and by which the defendant agreed to indemnify the plaintiff against loss from liability imposed by law for damages for injuries or death occasioned in the use of plaintiff's automobile.    The life of the policy was one year.    The limit of indemnity was fixed at $5,000.

On October 16, 1916, plaintiff's automobile, driven by him, ran into and caused the death of one Henry Stockfleth, whose administratrix sued the plaintiff and obtained a verdict against him for $9,000 damages, to which was added interest from the date of Stockfleth's death, together with costs, aggregating a judgment for $11,133.57.    That action was defended by the defendant in pursuance of the agreement so to do, contained in the policy.    Thereafter the defendant, also, as permitted by said policy, appealed to the Appellate Division, which affirmed the judgment rendered against the plaintiff herein, and judgment of affirmance was thereupon duly entered on January 27, 1921.    An appeal was then taken to the Court of Appeals and the Appellate Division judgment was there affirmed and judgment accordingly was thereupon entered on January 31, 1922.    (See *Stockfleth* v. *Cleghorn*, 195 App. Div. 908; affd., 232 N. Y. 614.)

Plaintiff's complaint alleges, in addition to the foregoing recital of facts, that on October 1, 1925, and prior to the commencement of this action, the plaintiff paid to the administratrix of the estate of said Henry Stockfleth, deceased, the sum of $8,500, " in settlement of said judgment aforesaid; " and that by reason thereof there became due and payable on October 1, 1925, to the plaintiff by the defendant " under its said policy of liability insurance " the said sum of $8,500, for which amount judgment is demanded by plaintiff against the defendant.

The single issue raised by the answer is a denial of any knowledge or information sufficient to form a belief as to the fact of plaintiff's payment to said administratrix of the sum of $8,500 in settlement and satisfaction of said judgment.

The plaintiff moved upon the complaint and answer, and upon affidavits, for summary judgment for the relief demanded in the

complaint under and pursuant to rule 113 of the Rules of Civil Practice. His motion has been denied and he now appeals.

Plaintiff's affidavits reiterate the allegation of the complaint of the payment of the $8,500 to the administratrix of Henry Stockfleth, deceased, " in cash in settlement of said judgment." Further averments are that he received a receipt signed by said administratrix and five children (naming them) of the said deceased, all of whom are of full age; also an affidavit from said administratrix that said five children are the only children of the deceased; and that said administratrix, upon said payment made to her by plaintiff, " executed a satisfaction of said judgment, which deponent has not yet filed, but which he [plaintiff] agrees to deliver to the defendant herein for filing upon receipt of the amount due to deponent under the policy."

Defendant's answering affidavit admits that Stockfleth's death " was a death on account of which the said policy of insurance indemnified the plaintiff against loss," and further states: " Nor is it disputed that the said accident occurred while the said insurance contract was in full force and effect." The defendant's affidavit further states: " The defendant through its officers, agents or representatives was not present at the time when or the place where the said payment was claimed to have been made and has no knowledge whatsoever of the said transaction, and the said judgment which it is claimed has been satisfied remains outstanding as of record both in the County of Westchester where the judgment was entered and in the County of Nassau where the said plaintiff resides." Then is added by the defendant the following: " While the circumstances under which it is claimed the said payment was made may be insufficient to create in the mind of the defendant a suspicion, the circumstances of the transaction of which the defendant has no knowledge are such that the defendant as it is permitted to do under section 261 of the Civil Practice Act has disputed the payment by denying in paragraph numbered Second of its amended answer any knowledge or information thereof sufficient to form a belief. An issue of fact is thereby raised as to whether or not the plaintiff has sustained a loss for which he is entitled to be indemnified under the terms and provisions of the said policy of insurance. * * * The defendant has no desire whatsoever to delay the judicial determination of the issues raised by the pleadings herein or to avoid the payment of its just liabilities as claimed by the plaintiff in his affidavit sworn to the 10th day of November, 1925, but asks only that the allegations made by the plaintiff which are placed in issue by the defendant's amended answer be proved by evidentiary facts in the manner provided by law."

The learned justice at Special Term denied the motion. on the authority of *Woodmere Academy* v. *Moskowitz* (212 App. Div. 457) and *Dolge* v. *Commercial Casualty Ins. Co.* (211 id. 112). In the first of the two cases cited, the plaintiff sued on a subscription for its bonds which it alleged the defendant's intestate made. The defendant, as administratrix, interposed an answer denying knowledge or information sufficient to form a belief as to the truth of the allegations of the complaint that her intestate subscribed for said bonds, and her affidavit filed in opposition to a motion for summary judgment asserted that she was absolutely without knowledge of any of the transactions by which the estate which she represented was sought to be held liable. Pointing out that an administrator who doubts the justice of a claim against his estate can so notify a creditor, whose remedy is thereupon to bring suit within three months or have the claim tried and determined by the surrogate upon the final accounting, Mr. Justice JAYCOX, writing for the court, said in effect, that *it is incumbent upon a claimant against an estate* to establish his claim if the administrator alleges that he is without knowledge thereof and that, therefore, a motion for summary judgment should not be granted in such circumstances. In the *Dolge* case the action was on an accident insurance policy to recover for the death of the insured where the policy restricted its liability to the case of a passenger " in or on a public conveyance, including the platform, steps or running board thereof, provided by a common carrier for passenger service." There was a real issue in that case as to whether or not the insured, who was shot by a stranger, was a *passenger* within the terms of the policy or was killed *before* he became a passenger. Neither of the two cases seems to me to support the order appealed from.

The rule now is that an answer containing defenses or denials may be stricken out as sham or frivolous when the motion papers on a motion for summary judgment make it appear that the answer falls within either category. (*Commonwealth Fuel Co., Inc.,* v. *Powpit Co., Inc.,* 212 App. Div. 553, 556.) The question to be determined is whether there is a real defense. (*General Investment Co.* v. *Interborough Rapid Transit Co.,* 235 N. Y. 133; *O'Meara Co.* v. *National Park Bank,* 239 id. 386.) The *General Investment Company Case* (*supra*) seems to me to be ample authority in support of plaintiff's position. There the action was upon five promissory notes payable to bearer, and of which the plaintiff alleged ownership, due presentation, demand for payment, and defendant's failure to pay. The sole denial of plaintiff's claim was of any knowledge or information sufficient to form a belief as to plaintiff being the owner and holder of the notes. On this alleged defense the

plaintiff, upon the pleadings and an affidavit, moved for judgment under rule 113. The Special Term granted plaintiff's motion, reciting in its order that plaintiff on the hearing of the motion *presented* in open court, for the inspection of the court and the defendant, and in support of its cause of action, the notes in question. The court (per Hogan, J., p. 140) say: " It is contended by counsel for defendant that the conclusion by the justice at Special Term of the clause in the order that the notes in suit were presented on the hearing of the application for summary judgment, and the affirmance of the order by the Appellate Division is equivalent to an admission by the justice at Special Term and by the Appellate Division as well as by plaintiff that before plaintiff was entitled to a judgment, it was necessary for it to substantiate its claim by proof, *i. e.*, common-law proof, and that whether or not the defendant has evidence to contradict such proof it is entitled by article 1, section 2, of the Constitution of the State to have such proof given before a jury. We fail to discover merit in either of the suggestions advanced by counsel. The notes upon which the action was brought were negotiable instruments. Possession of the same by the secretary of plaintiff was *prima facie* evidence of ownership of the same by plaintiff. The application to the court was based upon the notes equally with the pleadings, the affidavit of the secretary of plaintiff having stated that the notes would be produced thereon. The liability of defendant upon the notes was already established by the admissions in the answer of defendant save its alleged lack of knowledge or information sufficient to form a belief as to the ownership of the notes by plaintiff. When, therefore, the plaintiff through its secretary and counsel presented the notes in court defendant immediately became possessed of knowledge and information denied by it in its answer. Upon production of the notes in court the instruments became under direction of the justice subject, if inspection of them was requested, to examination by counsel for defendant. Notice that the notes would be produced in court was given to defendant in the motion papers."

Defendant's affidavit states that a search of the county clerk's records shows the said Stockfleth judgment unsatisfied of record. Plaintiff does not claim in his moving affidavit to the contrary, but does say that he has satisfied the judgment by settlement and has a satisfaction piece evidencing the same which he agrees to deliver to the defendant upon being paid the amount which he thus expended. I cannot see that the situation is in any substantial manner different from that presented in the *General Investment Company Case* (*supra*). There, as we have already seen,

plaintiff supported its allegation of ownership of the notes, in the teeth of the defendant's denial of knowledge, etc., by a production thereof in court, a recital of which fact was made the basis of the order granting the motion for summary judgment. The production of the satisfaction piece of the judgment referred to, in the case at bar, together with the receipt signed by the administratrix and her children of the payment of the $8,500, immediately gave to the defendant the knowledge and information which its answer denies, and is in accord with the declaration of the Court of Appeals in the *General Investment Company Case* (*supra*) that "When, therefore, the plaintiff through its secretary and counsel presented the notes in court defendant immediately. became possessed of knowledge and information denied by it in its answer."

From the language of the defendant's affidavit already referred to, it should be observed that the defendant does not seriously question the payment made by the plaintiff, for it says that although the circumstances under which it is claimed payment was made "may be insufficient to create in the mind of the defendant a suspicion," nevertheless defendant has the right to defend because of its denial of knowledge of the payment. In my opinion, the answer, in the circumstances, raises no issue and falls within the ruling stated in *O'Meara Co.* v. *National Park Bank* (*supra,* 395), viz.: "It is unnecessary to.consider the denials contained in the answer, since in the answering affidavits defendant raised no issue as to any of the facts alleged in the complaint and in the plaintiff's affidavits upon which the motion was based. Defendant's affidavits used in opposition to the motion merely repeat the various denials contained in the answer. These denials were insufficient to raise an issue on a motion for summary judgment, since, under the rule, *facts* must be presented rather than mere general or specific denials in order to defeat a motion."

There remains the question of the amount for which judgment for plaintiff should be rendered. Besides the $5,000 indemnity, the defendant's policy further agreed: "(5) To pay all costs taxed against the Assured in any legal proceeding defended by the Corporation in accordance with the preceding paragraph and interest accruing upon the judgment rendered in connection therewith, and all expenses incurred by the Corporation for investigation, negotiation and defense."

Had the defendant exercised its right under the policy and paid this $5,000 limitation on October 16, 1916, the date of Stockfleth's death, it would have been absolved from further obligation, but it elected, also pursuant to the terms of its policy, to defend and even to appeal. When it elected to defend, it must be deemed to

have contemplated the addition of interest upon the verdict from the date of death, which the clerk was directed by section 1904 of the Code of Civil Procedure (then applicable)* to add to the verdict. A proper construction of the policy, written by the defendant, entitles plaintiff to charge the defendant with such interest on at least the sum limited by the policy, namely, $5,000, from the date of death to entry of judgment. The clause in the policy by which it agreed to pay interest accruing upon the judgment rendered in connection with its defense of the suit against plaintiff entitles plaintiff to interest on whatever sum the $5,000 plus interest thereon from the date of death to entry of judgment amounts to down to the time of payment by plaintiff, and also entitles him to the costs taxed against him on the trial and in the appellate courts by reason of the unsuccessful defense interposed by the defendant, together with interest on such costs from the dates of the entry of the respective judgments. There should be judgment for plaintiff accordingly.

The order should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion for summary judgment as herein directed should be granted, with ten dollars costs.

KELLY, P. J., RICH and JAYCOX, JJ., concur; LAZANSKY, J., dissents, being of opinion that the defendant shows facts within the meaning of rule 113 which entitle it to defend.

Order denying plaintiff's motion for summary judgment reversed upon the law and the facts, with ten dollars costs and disbursements, and motion for summary judgment granted, with ten dollars costs. Settle order on notice.

---

* Now Decedent Estate Law, § 132, as added by Laws of 1920, chap. 919.— [REP.