SIGMUND H. HALPERN, Plaintiff, *v.* PENNSYLVANIA LUMBER INDUSTRIES, Defendant.

Supreme Court, Delaware County, August 11, 1930.

*Max J. Herman*, for the plaintiff.

*Charles Soble*, for the defendant.

PERSONIUS, J. The defendant moves to vacate the service of the summons on the grounds (1) that the person served was not an officer, and (2) that the defendant is a foreign corporation, not " doing business " within the State of New York.

The plaintiff resides in New York. The defendant is a Pennsylvania corporation. Service must, therefore, be made upon a party designated by section 229 of the Civil Practice Act. Nor can a foreign corporation be sued in New York unless it is " doing business " here. (*Interocean, etc., Co.* v. *McCormick Co.*, 168 N. Y. Supp. 177, and cases cited at page 178.)

The summons was served on Louis Schneider, defendant's salesman. He solicited and obtained an order from the plaintiff at plaintiff's place of business in Delaware county, New York. The acknowledgment of the order was signed in Pennsylvania by " Louis Schneider, Pennsylvania Lumber Industries, Inc." The defendant's president swears that Mr. Schneider is not an officer of the corporation. However, when he solicited the plaintiff, he presented a business card which described him as " vice-president " and stated that he was vice-president. In explanation of this, the president deposes that it is the custom of the defendant to have " printed upon the cards of our salesmen the words ' vice-president ' " in order to add " prestige " to the salesman's standing. We think the defendant is estopped. The defendant having deliberately represented Schneider to be its vice-president for the purpose of obtaining whatever advantage such description brought, must stand for such disadvantage as follows. A resident of New York purchasing goods from a foreign corporation has a right to know whether he is dealing with a mere solicitor of orders or with an officer with some authority. Clearly it would be an advantage to the resident of New York if the foreign corporation were represented in New York by an officer. One advantage, if no other, would be ability to serve process in any action which might grow out of the transaction. After reaping whatever benefits accrued to the defendant by its deliberate representation that Mr. Schneider

was its vice-president, we think the defendant cannot (in order to escape the effect of having process served upon Mr. Schneider) be heard to say that it was fooling its customers. ( *Young, etc., Co.,* v. *Welsbach Co.*, 55 App. Div. 16; *Dreher* v. *Western Doll Co.*, 198 id. 21.) In the former case, the agent was held out to be the manager of the company. In the latter case, the defendant advertised that its representative was its New York manager. In each case, the defendant in court deposed the contrary but it was held that the service was properly made upon the party who had been held out to be manager. In the *Dreher* case the court said (p. 24): " * * * we think the point should be resolved against the defendant which has induced people to trade with it on the representation that it had and maintained a New York office of which Besser was in charge for it."

Furthermore, we are inclined to the view that Mr. Schneider was managing agent of the defendant's New York State business. It is not necessary that a person be manager of all the business of the corporation in order to make service upon that person valid. " It is not necessary to show that express authority to accept service was given to the defendant's agent. His appointment to act as agent within the State carried with it implied authority to exercise the powers which under our laws attach to his position * * * If the persons named are true agents, and if their positions are such as to lead to a just presumption that notice to them will be notice to the principal, the corporation must submit." ( *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 269; 1 Wait Law & Prac. [8th ed.] 272–274.)

Coming to the second ground of defendant's motion, we reluctantly hold that the defendant is not " doing business " in the State of New York so as to render it subject to the jurisdiction of our courts. From the defendant's affidavits, it appears that Mr. Schneider, the person served, is employed as a salesman to solicit orders subject to confirmation from defendant's Pennsylvania office; that within the State of New York the defendant has no office, no designated person to accept service, no directors' or stockholders' meetings, no bank account; that said Schneider solicits orders in New York, Pennsylvania and New Jersey. The plaintiff's affidavits add little except that the said Schneider solicited and took this order in New York and that the order was acknowledged over his signature from Pennsylvania. Plaintiff's affidavits do show that Mr. Schneider stated that he had many accounts in New York and that he frequently came to New York, traveled throughout the State, selling lumber for the defendant, and that he came to New York almost weekly. It would seem that a foreign corporation which enjoys all the benefits and profits of regularly

selling goods to residents of New York, should be subject to the jurisdiction of our courts when the purchaser finds it necessary to resort to the courts to protect his rights. Nevertheless, as a Federal constitutional question was involved, the courts of this State yield " to the views of the Supreme Court." (*Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270.)

The question has resulted in a maze of decisions, which it would be quite useless to review. While the " process of receding " from former doctrines " is still going on " (*Lillibridge* v. *Johnson Co.*, 220 App. Div. 573, 575), the facts of the present case are not sufficient even under the present rule. The defendant merely solicits orders and business in the State of New York.

In *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259) our Court of Appeals held in substance that business activities which were insufficient to constitute the " transaction " of business under section 15 (now 210) of the General Corporation Law, might be sufficient to make the corporation amenable to process, saying: " * * * if it (foreign corporation) is here, not occasionally or casually, but with a fair measure of permanence and continuity, then, whether its business is interstate or local, it is within the jurisdiction of our courts," citing *International Harvester Co.* v. *Kentucky* (234 U. S. 579). The defendant there solicited orders " not casually or occasionally but systematically and regularly." (*Tauza Case, supra,* 266.)

These two cases resulted in an effort to extend the jurisdiction of our courts to instances like the present where the business was done by the regular and systematic solicitation of business by salesmen, with no office here. While the language of the *Tauza* case might justify such an inference, the defendant in fact maintained an office in this State with a number of salesmen and clerical assistants, under the direction of a sales agent. The *Tauza* case has not been extended to include the mere solicitation of business, though systematic and regular, nor do we think such holding would be warranted by the Federal decisions.

In the *International Harvester Company* case the salesmen had authority to accept payment in money, checks or drafts and to take notes payable at banks in that State. Furthermore, " the rule there laid down has, by a subsequent decision, been confined to the particular facts of that case." (*Holzer* v. *Dodge Bros.*, 233 N. Y. 216, 222.) Our Court of Appeals in *Hamlin* v. *Barrett Co.* (246 N. Y. 554) held that the defendant was not doing business in the State of New York (pointing out that it had no office or place of business in the State, no bank account, no money or property of any kind), though the selling agent maintained an office in New York with the defendant's name on the door and listed in the telephone.

In *Buffalo Batt Co.* v. *Royal Mfg. Co.* (27 F. [2d] 400 [Western District of New York]) the defendant had a sales office in this State and its name was on the door. It did not appear that this office brought the corporation's products into the State in any quantity or with any degree of regularity, or that the corporation entered into any contracts within the State. Judge ADLER there reaches the conclusion that even where the corporation maintains and operates from an office in New York, it is not doing business here unless "there results from the operations of the office * * * a flow of the products of that company into the State with a reasonable degree of continuity" and that "in order to show that it is doing business within the State it must present evidence that as a result of the functioning of that office, the product of the foreign company was regularly coming into the State in some quantity and with some degree of regularity." He also dwells upon the importance of the contracts being made within the State. In the present case, while it might be assumed that the efforts of the salesmen caused lumber to be shipped into the State with more or less regularity, there is absent the other two elements — the maintenance of an office and the making of contracts within the State.

From an exhaustive examination of the authorities, it is said in 60 A. L. R. (1031), that "the mere soliciting and obtaining of orders within a state by the agent of a foreign corporation, for goods to be shipped into the state to the purchasers, does not amount to doing business within the state so as to render the corporation amenable to the service of process therein." And again that this is true (1035) "although the corporation or its agent maintains an office within the state for the accommodation of the sales agents; however, it will be noted that very little additional activity on the part of the local agents is required in order to subject the corporation to service of process in the state." (See, also, *Lillibridge* v. *Johnson Co.*, 220 App. Div. 573; affd., 247 N. Y. 548.)

In some of the cases cited by the plaintiff, the corporation maintained an office in the State, at least temporarily, and was here doing business; or had a resident buyer, and an officer of the corporation who came to New York at very frequent intervals and *made contracts in New York*, which fact was stressed by the court. These decisions seem to have been questioned (*Merchandise Co.* v. *Oransky*, 133 Misc. 890) since the decision in the Supreme Court of *Rosenberg Co.* v. *Curtis Brown Co.* (260 U. S. 516).

Without further citation of authorities, we feel constrained to hold that the defendant was not doing business within the State of New York and, therefore, is not amenable to the jurisdiction of our courts and that the service of the summons must be vacated.

Submit order accordingly.