## CONSOLIDATED INDEMNITY & INS. CO. v. ALLIANCE CASUALTY CO.

No. 77.

Circuit Court of Appeals, Second Circuit.

Dec. 11, 1933.

Richards & Affeld, of New York City (Frank Sowers, of New York City, of counsel), for appellant.

A. Bertram Samuels, of New York City (John E. Leddy and Morris G. Duchin, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This action was commenced in the Supreme Court of New York County and was removed into the District Court on the ground of diverse citizenship. Appearing specially the defendant moved to vacate the attempted service of summons, and, after its motion was overruled, preserved the point by pleading lack of jurisdiction over its person. Whether the defendant was validly served with process is the first question for consideration.

Section 229 of the Civil Practice Act, as amended in 1928 (Laws 1928, c. 715), provides for personal service of the summons upon a foreign corporation by delivering a copy thereof:

"1. To the president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary; or, if the corporation lack either of those officers, to the officer performing corresponding functions under another name."

In the suit at bar, service of the summons and complaint was made on Franklin J. Strauss, who was "Resident Vice President of Alliance Casualty Company at New York." He was appointed pursuant to the corporate by-laws and was authorized to execute on behalf of the company contracts of indemnity

and other obligations in the nature thereof as fully and to the same extent as could the president.

We entertain no doubt that the service was good. If a foreign corporation chooses to designate a local agent by the title of vice president, then under the terms of the statute he is subject to service of process. It is true that one may be a vice president though he does not have the title, and that such a one may also be served. But from this it must not be inferred that, if a titular vice president does not possess all the conventional duties of one, he is not within the section. The purpose of the statute in designating the persons to be served is to specify agents whose positions are such as to raise a just presumption that notice to them will be adequate notice to the corporation. See Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 269, 115 N. E. 915. If the defendant sees fit to classify an agent high enough in its hierarchy of officials to be given the title of vice president, that purpose is fulfilled. See Halpern v. Pennsylvania Lumber Industries, 137 Misc. 688, 244 N. Y. S. 372.

▆▆ On the merits the appellant contends that the plaintiff brought its action prematurely and that this issue was raised by the answer and precluded the granting of the motion for summary judgment.

The complaint sets out two causes of action, each based on a separate but similar contract of reinsurance, by which the defendant reinsured a part of the risk undertaken by the plaintiff upon a certain surety bond. The contracts contain the following provision:

"The Reinsurer's proportionate share of a loss under the bond, and of costs as hereinafter defined, shall be paid to the Reinsured upon proof of such loss and costs, and proof of payment thereof by the Reinsured, and upon delivery to the Reinsurer of copies of all essential documents concerned with such loss and costs and the payment thereof."

With respect to each cause of action the plaintiff alleged in general terms that it had performed all conditions precedent to the agreement of reinsurance on its part agreed to be performed. The defendant's answer denied this upon information and belief, and its affidavit in opposition to the motion for summary judgment asserted positively that the plaintiff has never furnished the defendant any proof of its alleged loss and costs, or of its payment thereof, nor copies of any documents concerned with such loss, costs, or payments. Consequently, the defendant says, the conditions precedent to its obligation to pay have not been performed by the plaintiff and the suit was brought prematurely. To this contention the plaintiff has made no answer except to urge that the quoted conditions "are not true conditions precedent." In form they certainly are; and reasons are apparent why the reinsurer might wish to insist on being supplied with proof of the reinsured's loss and costs, and of payment thereof, and on having delivered for its files copies of "essential documents" relating thereto, such matters being wholly within the knowledge and control of the plaintiff and not of the defendant. But whether reasonable or not a promisor may impose such conditions as he chooses upon his promise, and courts should not lightly disregard the terms upon which the parties to a contract have agreed. See O'Reilly v. Guardian Mut. Life Ins. Co., 60 N. Y. 169, 19 Am. Rep. 151; Whiteside v. North Am. Acc. Ins. Co., 200 N. Y. 320, 93 N. E. 948, 35 L. R. A. (N. S.) 696; Williston, Contracts, § 675; Kerr, Insurance, 451.

It is true that conditions precedent may be waived by a promisor, and perhaps the admitted allegation with respect to the first count that the plaintiff settled, with the consent of the defendant, the action brought against the plaintiff upon its bond, would be a waiver of proof of loss upon the bond. But this could scarcely be deemed a waiver of the requirement of proof of costs, or proof of payment of the loss and costs. Compare Cleghorn v. Ocean Accident, etc., Corp., 216 App. Div. 342, 215 N. Y. S. 127, where proof of payment was not, so far as the opinion discloses, a condition precedent to the insurer's obligation to reimburse the insured. Even less would it be a waiver of the requirement that copies of essential documents be delivered. Ordinarily, when a lawsuit is settled, there is a judgment and satisfaction, or at least a release of the claim sued on. Presumptively some essential document was passed in the settlement. The plaintiff does not allege there was none. We need not attempt to define in vacuo just what are "essential documents"; nor do we think the defendant was obliged to allege of what specific document the plaintiff failed to deliver a copy. The plaintiff having alleged generally performance of conditions precedent, it sufficed for the defendant to deny this allegation. That raised an issue of fact which precluded the court from granting summary judgment on the pleadings. See Dolge v. Commercial Casualty Ins. Co., 211 App. Div. 112, 207 N. Y. S. 42, affirmed 240 N. Y. 656, 148 N. E. 746.

With respect to the second cause of action the defendant admitted payment of part of the claim. It has not been suggested that from this a waiver of conditions precedent as to the rest can be spelled out. Moreover to bring the payment of the $7,500 counsel fee within the contract definition of "costs," the plaintiff should have presented an affidavit that the counsel paid was not one of its salaried employees. The record is barren of any evidence as to whom it was paid.

For the foregoing reasons the summary judgment must be vacated and the cause remanded for trial. It is so ordered.