## LEADING PERFUMERS & CHEMISTS, Inc., v. NUSSBAUM NOVELTY CO.

District Court, S. D. New York.

Sept. 18, 1939.

Newman & Bisco, of New York City, (Nathan Waxman, of New York City, of counsel), for plaintiff.

Milbank, Tweed & Hope, of New York City (L. Reyner Samet, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

The defendant moves for a dismissal of the action on the ground that this court has no jurisdiction over the defendant corporation.

The court must decide whether the defendant corporation was, at the time of the service of the summons, doing business within the state, and if it was so doing business, whether the person served with process was one of the persons designated by Section 229 of the Civil Practice Act.

From a reading of the affidavits and cases cited as well as an independent examination of the authorities, the court is of the belief that the defendant is not "doing business" within the rules laid down by our highest court so as to be subject to process. At the time of the oral argument, the court indicated a contrary belief. But in the face of what appears to be controlling authorities, the court has no other alternative but to dismiss the complaint.

The leading federal cases, such as People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808, have determined that the mere renting of an office and a solicitation of business in the foreign state is insufficient to subject the corporation to service of process. See also Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915, and International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479.

At bar, the plaintiff relies on the appearance of the defendant through V. E. Hacker at the American Toy Fair for a period of two weeks, at which time orders were solicited, to bring the corporation within this jurisdiction. The defendant's representative, Hacker, had no authority to bind the corporation on any contract. All orders were taken by him subject to the company's approval and acceptance. The case of Davega, Inc., v. Lincoln Furniture Mfg. Co., 2 Cir., 29 F.2d 164, was a far stronger case for invoking the jurisdiction of this court than the instant one. There, the defendant secured orders in this state through an agent amounting to about $200,000 per year; the agent collected overdue accounts; the president and sales manager came to New York ten or eleven times a year for business purposes; the defendant maintained display rooms in this city. In spite of these facts, the court held the corporation not to be doing business within the jurisdiction of this court so as to be subject to process and dismissed the complaint. Other authorities directly in point are collated in the Davega case opinion. The plaintiff cites Bogert & Hopper, Inc. v. Wilder Mfg. Co., 197 App.Div. 773, 189 N.Y.S. 444. This case does lend support to the plaintiff's contention. But in the light of the Supreme and Circuit Court decisions above cited and Halpern v. Pennsylvania Lumber Industries, 137 Misc. 688, 244 N.Y.S. 372, which reviews the leading cases in this state prior to 1930, the defendant's position is sound and will be followed by the court. See, also, Bieber v. Englander Spring Bed Co., Inc., —— Misc. ——, 18 N.Y.S.2d 320, opinion by Schmuck, J., Special Term, Part I, New York County.

In view of this determination, it becomes unnecessary to decide whether V. E. Hacker was a proper person upon whom

848

service could be effected pursuant to Section 229 of the Civil Practice Act.

The complaint is dismissed with leave to the plaintiff to institute a new action in a proper forum.