(91 App. Div. 14.)

COOLIDGE et al. v. AMERICAN REALTY CO. et al.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. CORPORATIONS—ACTIONS—JURISDICTION.
   Jurisdiction over corporations, foreign or domestic, can only be secured by the courts in the manner prescribed by statute.

2. SAME—FOREIGN CORPORATIONS.
   Code Civ. Proc. § 1780, provides that an action against a foreign corporation may be maintained by a resident of the state for any cause of action, and that an action against a foreign corporation may be maintained by a nonresident in certain cases specified. Held, that where the moving papers on which an attachment against a foreign corporation was issued failed to show that the plaintiffs were residents of the state, or that the cause of action was one of those specified on which a nonresident was allowed to sue a foreign corporation in New York, the attachment was invalid.

Appeal from Special Term, New York County.

Action by T. Jefferson Coolidge and another against the American Realty Company and another. From an order vacating an attachment on the application of a junior attaching creditor, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ.

G. A. Strong, for appellant.
M. Stiefel, for respondent.

VAN BRUNT, P. J. The ground upon which this motion was made was that, the attachment in question being issued against the property of the defendant the American Realty Company, a corporation organized under the laws of the state of New Jersey, the papers on which it was granted failed to show that the plaintiffs were residents of this state, or that the cause of action is one upon which a nonresident is allowed to sue a foreign corporation in this state. It appeared from the evidence that the action was brought against the maker and indorser of a negotiable promissory note; the indorser being an individual, and the maker a corporation having an office in the city of New York, where its business is transacted.

It is claimed upon the part of the counsel for the appellant that, because the contract in question had been made with a resident of this state, this action, although not within the letter of section 1780 of the Code, can be maintained, because within its spirit. We think, upon an examination of the brief of the appellant, that the difficulty with his construction of the law lies in the fact that the section of the Code of Civil Procedure referred to is not, as claimed by him, a restriction upon the jurisdiction of the court in reference to foreign corporations, but an enlargement of it. Jurisdiction over corporations, either foreign

or domestic, can only be secured in the manner prescribed by statute. The Supreme Court, prior to the provisions contained in 2 Rev. St. p. 459, § 15, had no jurisdiction over foreign corporations unless personal service could be obtained in the manner theretofore prescribed by law. Chapter 28, p. 21, of the Laws of 1817, provided how writs and processes at law might be issued against any body or bodies corporate, and how such writs or processes should be served. By section 2 of that act it was provided that such writ or process might be served on the president, presiding officer, cashier, secretary, or treasurer thereof, or on such other person and in such manner as the court might direct. And this provision was incorporated in the Revised Statutes, as will be seen by reference to 2 Rev. St. (1st Ed.) p. 458. It will be observed, upon reference to the chapter of the Revised Statutes entitled "Of Proceedings by and against Corporations in Courts of Law," that various provisions relate to foreign corporations, others to domestic corporations, and that some relate to both. Section 1 states when a foreign corporation created by the laws of another state or country may bring an action. Section 3 provides that, in suits brought by a corporation created by or under the laws of this state, it shall not be necessary to prove on the trial the existence of such corporation, unless the defendant shall have pleaded in abatement or in bar that the plaintiffs are not a corporation. Then section 4 provides that the first process for the commencement of a suit against a corporation shall be a summons, etc., and section 5 provides for the service of such summons, referring to corporations generally. Then follow provisions regulating the practice upon the return of the process, affecting all corporations. By section 13 it is provided that, in actions by or against any corporation created by or under any law of this state, it shall not be necessary to recite the act or acts of incorporation, etc.; and section 14 provides that, in suits or proceedings by or against any corporation, a mistake in the name of the corporation shall be pleaded in abatement, and, if not so pleaded, shall be deemed to have been waived. Section 15 then provides that suits brought in the Supreme Court by a resident of this state against any corporation created by or under the laws of any other state, government, or country, for the recovery of any debt or damages, may be commenced by attachment; and this is the first provision authorizing an attachment against a foreign corporation. Therefore, prior to the enactment of this provision, the only way in which jurisdiction of a foreign corporation could be obtained was by the service of process upon the officers named in the statute. In 1849, by chapter 107, p. 142, of the Laws of that year, section 15 was amended as follows:

"Suits may be brought (in the Supreme Court, in the Superior Court of the City of New York, and in the Court of Common Pleas in and for the City and County of New York) against any corporation created by or under the laws of any other state or country, for the recovery of any debt or damages, whether liquidated or not, arising upon contract made, executed or delivered within this state, or upon any cause of action arising therein. Such suits may be commenced by complaint and summons, together with an attachment as now provided by law."

This amendment of the section in question conferred jurisdiction upon the Supreme Court to issue an attachment in an action against

a foreign corporation not only in cases where such action was brought by a resident for any cause of action, but also in cases where such action was brought by a nonresident, where the cause of action may have arisen, or the subject of the action may be situate, within the state. This jurisdiction remained the same until the enactment of section 1780 of the Code, where it was provided that an action against a foreign corporation might be maintained by a resident of the state or a domestic corporation for any cause of action, and that an action against a foreign corporation might be maintained by another foreign corporation or by a nonresident in the following cases only: (1) Where the action is brought to recover damages for the breach of a contract made within the state, or relating to property situated within the state at the time of the making thereof; (2) where it is brought to recover real property situated within the state, or a chattel which is replevied within the state; (3) where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state.

It will thus be seen that the legislation, instead of being restrictive, has been an enlargement, of the jurisdiction of the Supreme Court, where proceedings are attempted to be taken against a foreign corporation by way of attachment. Prior to the Revised Statutes, no attachment at all could issue. When the Revised Statutes were enacted, a resident of the state might proceed by attachment. This was enlarged in 1849 by giving nonresidents the right to proceed by attachment in cases where the cause of action arose within this state. It seems to be clear, therefore, that, in order that the plaintiffs may maintain this action, they must either show that they are residents, or that the cause of action arose within this state, and that it is immaterial that some prior owner of the claim may have been a resident of this state. It is the status existing, where the cause of action arose out of the state, at the time of the commencement of the action, which determines the question as to whether the court can acquire jurisdiction by attachment.

We think, therefore, that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.