NATIONAL FURNITURE COMPANY, Respondent, *v.* WILLIAM SPIEGELMAN & COMPANY, INC., Appellant.

Fourth Department, November 16, 1921.

Corporations — foreign corporations — service of process in action against — foreign corporation sending officer to this State to examine and purchase goods is doing business here — summons properly served on officer in this State in action on contract made here.

A foreign corporation is doing business in this State so as to subject it to the jurisdiction of our courts, where its treasurer comes here and places orders for goods after inspection thereof, although such orders are confirmed at the home office where payments are made, and so service of a summons is properly made on such officer while in this State on another business errand of the same character, in an action on a contract made by him in this State on a previous visit.

APPEAL by the defendant, William Spiegelman & Company, Inc., from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Chautauqua on the 18th day of July, 1921, denying defendant's motion to set aside the service of the summons.

*Thrasher & Clapp* [*L. L. Thrasher* of counsel], for the appellant.

*Robert H. Jackson* [*Gerald A. Herrick* of counsel], for the respondent.

DAVIS, J.:

The defendant conducts a wholesale furniture business in the city of Philadelphia, and is incorporated under the laws of the State of Pennsylvania. Purchases are made frequently by the defendant by letter, and occasionally by visits of one Charles Spiegelman, its treasurer, to this State, where he makes inspections of goods and places orders. These orders, it is claimed, must be confirmed by the defendant at its home office, where payments therefor are also made.

Semi-annually, at Jamestown, furniture manufacturers conduct an exhibition or show where various buyers attend, examine samples and make purchases then or ultimately.

Spiegelman, the treasurer, had attended such exhibitions and given orders for furniture, and such orders had always been recognized by the defendant. On one occasion prior to May 3, 1921, Spiegelman had given an order for his company at such exhibit at Jamestown, and the defendant did not pay the purchase price of the furniture so purchased. On May 3, 1921, while Spiegelman was again in attendance at the exhibit, service of a summons was made upon him as an officer of the defendant in an action brought to recover damages for goods ordered for his company on a prior visit by him to this State.

The defendant now moves to set aside the service of this process on the ground that it is a foreign corporation not doing business in this State, and not subject to the jurisdiction of our courts. On the facts as stated, is it entitled to an order vacating the service?

It is largely a question of fact to be determined by the court, under the particular circumstances of each case, whether or not the corporation is doing business in the State. (*People's Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79.)

Buying is doing business just as much as selling. (*Fleischmann Const. Co.* v. *Blauner's*, 190 App. Div. 95.) It would seem that the defendant is here with a fair measure of permanence and continuity in its business operations, and is, therefore, within the jurisdiction of our courts. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) It was present and apparently with the purpose of doing business in the State by one of its officers when sued. Particularly is jurisdiction given when the contract sued on is one made in this State by the defendant through the agency of the officer on whom process is served, and parties should not be denied the right to resort to the courts of this State, where the contract is made and the business is done out of which the dispute arose. (*Dungan, Hood & Co., Inc.*, v. *C. F. Bally, Ltd.*, 271 Fed. Rep. 517; *Mutual Life Ins. Co.* v. *Spratley*, 172 U. S. 602, 619.)

In deciding *Cochran Box & Mfg. Co., Inc.*, v. *Monroe Binder B. Co.* recently (197 App. Div. 221; affd., 232 N. Y. 503), upholding service of process on a foreign corporation, we relied in part upon the fact that the contract was made in this State.

A corporation coming here by its officers to examine goods, and making a contract to purchase goods, for which it afterward refuses to pay, is doing business here. It would be doing a very profitable business if the seller could not compel payment where the contract was made when the defendant came on another business errand of the same character.

Because justice requires that the plaintiff should be permitted to sue in our courts on a contract made in the State by a foreign corporation doing business here, and in the absence of controlling authority to the contrary, we must hold that the service was good, and that the order should be affirmed.

All concur; LAMBERT, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.