VICTOR E. MEYER, Trading as FARRAGUT SILK COMPANY, Respondent, *v.* SACHS MANUFACTURING CO., INC., Appellant.

First Department, March 17, 1922.

Corporations — foreign corporations — service of summons on president of defendant temporarily sojourning here set aside though contract made here and defendant purchased goods here on two occasions.

The service of the summons in an action against a foreign corporation which did not have an office or place of business in this State nor maintain an agency here for the transaction of business, and which had no bank account or any property within the State, will be set aside where the service was made on the president of the corporation temporarily sojourning in this State on personal business, though the contract on which the action was brought was made here, and it appears that the president did make a purchase of goods for the corporation while he was here and that in two isolated instances, but at no stated periods, purchases were made in this State.

APPEAL by the defendant, Sachs Manufacturing Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of November, 1921, denying defendant's motion to set aside the service of the summons.

*Blumenstiel & Blumenstiel* [*Edwin B. Steel* of counsel], for the appellant.

*Campbell, Flaherty, Turner & Strouse* [*Arthur D. Fisher* of counsel], for the respondent.

PAGE, J.:

The defendant is a foreign corporation organized under the laws of the State of Missouri. It has not and never has had an office or place of business in this State, nor maintained an agency here for the transaction of business within this State. It has no bank account or any property within the State.

The action was brought to recover damages alleged to have been sustained by the defendant's refusal to accept delivery under a contract for the purchase of goods, entered into in the city of New York by defendant's president with the plaintiff. At a later date the defendant's president was in the city, as he avers, for the purpose of making arrangements in connection with the immigration of some of his wife's relatives. It is alleged that while here he a'so purchased goods for the corporation. For the purposes of this case we will assume that he did purchase goods, and service of the summons was made at that time.

In my opinion, neither the fact that the contract was made in this State nor that the president bought goods for the corporation in the isolated instances gave jurisdiction of the corporation. In *Seaboard F. D., Inc.,* v. *Carlton-Moore Co., Inc.* (199 App. Div. 612) the point now presented for decision was alluded to, but left undecided, as not necessarily presented. The corporation must be here "not occasionally or casually, but with a fair measure of permanence and continuity" to bring it within our jurisdiction. (*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259, 267.) The justice at Special Term followed *National Furniture Co.* v. *Spiegelman & Co., Inc.* (116 Misc. Rep. 53, 60), which was later affirmed (198 App. Div. 672). In that case Spiegelman, the treasurer of the defendant, had regularly attended the semi-annual furniture exhibition and sale in Jamestown, N. Y., and had on each occasion purchased goods. The Appellate Division sustained the service, saying: "It would seem that the defendant is here with a fair measure of permanence and continuity in its business operations, and is, therefore, within the jurisdiction of our courts" (citing the *Tauza* case), thus putting the decision on a different ground from that assigned by the justice at Special Term. In the instant case there was no course of business shown. In fact, it was shown that purchases were regularly made at St. Louis, and that only in the two isolated instances, and at no stated periods, were purchases made in this State. Undoubtedly, the fact that the contract out of which the cause of action arose was made within this State is a circumstance which, in connection with other facts, would tend to sustain jurisdiction, but it is not a controlling factor.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.