MAY M. BRANDOW, Respondent, *v.* MURRAY & TREGURTHA CORPORATION, Appellant.

First Department, October 20, 1922.

Corporations — service of summons on assistant treasurer of foreign corporation while temporarily in this State invalid — not shown that corporation was doing business in this State.

The service of a summons in this State on the assistant treasurer of a foreign corporation does not give the court jurisdiction of the corporation, where it appears that the corporation manufactures marine engines in Massachusetts and sells them to dealers, that although there are dealers in New York city

handling its engines they are in no sense its selling agents, and that the assistant treasurer when served with the summons was only temporarily in this State in charge of an exhibit of engines of the corporation at a motor boat show.

APPEAL by the defendant, Murray & Tregurtha Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of April, 1922, denying its motion to vacate a warrant of attachment and a judgment entered upon default.

*Latson & Tamblyn* [*Almet Reed Latson* of counsel], for the appellant.

*Daniel Burke* [*James A. Thompson* of counsel], for the respondent.

PAGE, J.:

The action is to recover the sum of $1,896.27 for advertisements published in a trade paper known as *Motor Boat*, published by the Motor Boat Publishing Company, a New Jersey corporation, from the defendant, a Massachusetts corporation. The plaintiff is assignee of the claim. The defendant manufactures marine engines in Massachusetts and sells them to dealers. Bruns, Kimball & Co. are marine engine dealers, doing business in the city of New York, buying engines from the defendant at a fixed discount and reselling them to their own customers. They are in no sense the selling agents of the corporation.

The defendant exhibited its engines in the motor boat show held in the Grand Central Palace, New York city. Nelson B. Gladwin, the assistant treasurer of the defendant, was in charge of the exhibit. On February 21, 1922, the sheriff of New York county levied an attachment on a marine engine constituting a part of the defendant's exhibit, and at the same time served the summons and complaint on Mr. Gladwin. The sheriff subsequently made his certificate that personal service of the summons and complaint had been made upon the defendant corporation on the aforementioned date within the State. No other service of process was made on the defendant either personally within the State or without the State, or by publication and mailing, nor was any order ever entered directing service by publication or mailing. The single question, therefore, to be determined on this appeal is whether by reason of the service of the summons by the sheriff, as above set forth, a valid personal service thereof was made which would give the court jurisdiction of the defendant.

Section 905 of the Civil Practice Act (formerly a portion of section 638 of the Code of Civil Procedure) provides: " If the warrant be granted before the summons is served, personal service of the summons must be made upon the defendant against whose

property the warrant is granted, within thirty days after the granting thereof; or else before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the State, pursuant to an order obtained therefor, as prescribed by law; * * *." And section 825 of the Civil Practice Act (part of Code Civ. Proc. § 416) provides that the court acquires jurisdiction from the time of the granting of a provisional remedy. " Nevertheless, jurisdiction thus acquired is conditional, and liable to be divested in a case where the jurisdiction of the court is made dependent by a special provision of law upon some act to be done after the granting of the provisional remedy."

Therefore, unless the service of the summons on the assistant treasurer was valid personal service on the defendant corporation, the court was divested of the conditional jurisdiction acquired by the granting and execution of the warrant of attachment. It is well settled that in order to give the court jurisdiction over a foreign corporation when service of the summons was made on an officer of the corporation temporarily within the State, it must appear that the corporation was doing business within the State, " not occasionally or casually but with a fair measure of permanence and continuity." (*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259.) The mere fact that the officer, when casually here, in an isolated instance transacted business for the corporation, and was served with process at such time, gives the court no jurisdiction. (*Meyer* v. *Sachs Mfg. Co., Inc.,* 200 App. Div. 458; *Seaboard F. D., Inc.,* v. *Carlton-Moore Co., Inc.,* 199 id. 612, 616, and cases there cited; *Holzer* v. *Dodge Brothers,* 233 N. Y. 216.) The facts upon which the respondent relies were insufficient to meet these requirements.

There is a controversy between the parties as to whether the property attached belonged to the corporation. It is not necessary to determine that question. Conceding that it did, no sufficient service of the summons was made within thirty days after granting the warrant of attachment; hence the court would have been divested of its conditional jurisdiction acquired by the attachment of the property.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.