MEYER S. SCHEINMAN, Plaintiff, *v.* BONWIT, TELLER & Co., a Pennsylvania Corporation, Defendant.

City Court of New York, New York County, May 27, 1928.

Corporations — foreign corporations — motion to vacate alleged service of summons upon ground defendant foreign corporation was not doing business in this State, within meaning of Gen. Corp. Law, §§ 46, 47, and Civ. Prac. Act, § 229 — fact that defendant purchased merchandise within this State does not give courts of this State jurisdiction — fact that there is corporation of similar name in city of New York does not bring defendant corporation within this jurisdiction.

Defendant, a Pennsylvania corporation, having its office and principal place of business in that State and having no bank account, office, resident manager

or representative within this State, and employing no salesmen or conducting no meetings of directors or stockholders in this State, is not doing business in this State so as to make it amenable to process of the courts of this State, within the meaning of sections 46 and 47 of the General Corporation Law and section 229 of the Civil Practice Act, notwithstanding the fact that it purchased merchandise within this State, and that its president, secretary, and treasurer are residents of and live with their families within the city of New York.

Jurisdiction cannot be acquired unless the corporation is actually doing business within this State and the mere presence of an officer of defendant corporation, whether temporarily or permanently, within this State, is insufficient to confer jurisdiction.

The fact that there is a corporation of similar name in the city of New York, which is a New York corporation having its office and principal place of business in New York city, does not bring defendant corporation within the jurisdiction of the courts of this State, since it appears that defendant is an entirely separate and distinct entity in itself and in no way connected with the New York corporation.

MOTION to vacate attempted service of summons upon the ground that defendant was a foreign corporation not engaged in business within this State.

*Anna Rosenstein,* for the plaintiff.

*Paskus, Gordon & Hyman* [*Sanford D. Levy* of counsel], for the defendant.

ALEXANDER FINELITE, Official Referee. By an order of Hon. BERNARD L. SHIENTAG, one of the justices of this court, entered on the 21st day of March, 1928, the matter herein was referred to me as official referee to take proof, pursuant to section 24 of the New York City Court Act, as to whether the defendant is doing business within this State, and to report with my opinion.

Pursuant to such order, I was attended by Miss Anna Rosenstein, counsel for plaintiff, and Sanford D. Levy of Paskus, Gordon & Hyman, for defendant and testimony was taken.

It appears that a summons of this court in an action for goods sold and delivered was served upon Paul J. Bonwit, president of the defendant corporation, in the city of New York on the 9th day of March, 1928.

Thereafter, the defendant, appearing specially, moved to set aside the said service upon the ground that this court has no jurisdiction over the defendant as the defendant is not doing business within the State of New York.

The plaintiff herein is the assignor of J. A. Post Cloak Company, a corporation doing business in the city of New York. The plaintiff contends that the said J. A. Post Cloak Company has been doing business with the defendant corporation for a long period of time in the city of New York, and that the merchandise sued for

was purchased in the city of New York, and, therefore, claims that the cause of action arose in the State of New York.

The defendant on the other hand contends that while from time to time it has purchased merchandise involving large sums of money from various firms in the State of New York as well as in other States, yet such purchases are all subject to confirmatory orders from the defendant at Philadelphia, that all orders originate in Philadelphia, and that none of the merchandise sued for was purchased from the plaintiff's assignor at any place of business within the State of New York.

The defendant further contends that it is a Pennsylvania corporation, organized and existing under the laws of the State of Pennsylvania, having its office and principal place of business in the city of Philadelphia; that said defendant is a foreign corporation not doing business within the State of New York; that it has no property within this State and has not submitted to the jurisdiction of this court, and that accordingly service upon an officer of the defendant corporation within this State is not due process within the meaning of the Fourteenth Amendment to the Constitution of the United States.

It appears that there is a corporation of similar name in the city of New York, which is a New York corporation having its office and principal place of business in New York city. The defendant claims, however, that the defendant being a Pennsylvania corporation is an entirely separate and distinct entity in itself and is not connected with the New York corporation of similar name. It is contended by the defendant that at the time the said summons was served upon its president it was not doing business within the State of New York; that it has no bank account in this State, that it has no office, resident manager or representative within this State; that it is not listed in any telephone directory in New York city or State; that it employs no salesmen in this State; that no meetings of directors or stockholders are held within this State; that it has never made any application for authority to do business as a foreign corporation within the State of New York, nor has it qualified as such under the laws of this State; nor has it any person within the State of New York as its agent for the purpose of accepting service of process of the City Court or other courts in accordance with the provisions of the General Corporation Law.

These facts have been brought out on the examination of one of the officers of the defendant, and he admitted on cross-examination that the president as well as the secretary and treasurer of the defendant, are residents of and living with their families within the city of New York, but that at no time have they done any

business within this State for the defendant corporation or for the New York corporation of similar name; that all purchases of merchandise have been made for the Pensylvania corporation, and that at no time was any such merchandise delivered to Bonwit, Teller & Company, the New York corporation; that although the president of this defendant is also president of the Bonwit, Teller & Company, the New York corporation, he does not purchase any merchandise for either corporation; that all merchandise is purchased for the Philadelphia concern and delivered to the Philadelphia concern, and not consigned to any office or person or business within the State of New York.

The evidence in the case substantially presents the above facts. A serious question, therefore, arises as to whether or not purchasing merchandise within the State of New York is sufficient in itself to hold that the defendant can properly be served with the process of this court as doing business within this State.

The jurisdiction of the person of a foreign corporation cannot be obtained by the courts of this State unless said corporation does business within the State of New York.

Sections 46 and 47 of the General Corporation Law (added by Laws of 1920, chap. 916), authorizing an action against a foreign corporation, and section 229 of the Civil Practice Act, prescribing the manner of service of a summons upon a foreign corporation, have been construed to require the presence of the foreign corporation within the State of New York. (*Pomeroy* v. *Hocking Valley R. Co.*, 218 N. Y. 530.) No jurisdiction can be acquired unless the corporation is actually doing business within this State. The mere presence of an officer of said corporation, whether temporarily or permanently, within the State is not sufficient to confer jurisdiction over a foreign corporation unless said foreign corporation is doing business within the State. This is now too well settled to be disputed.

Inasmuch as the question involves the due process clause of the Federal Constitution, the Federal authorities are controlling on the point and are recognized as binding by the courts of this State. In *Day & Co.* v. *Schiff, Lang & Co.* (278 Fed. 533, 535) Judge Hough said: " In other words, the rules for good or bad service of the summons in even a removed case is something to be passed on in accordance with the decisions of the United States courts and not those of the State wherein the service is made." The courts of New York have yielded to the views of the Supreme Court of the United States on the question of service of process upon a foreign corporation. (*Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270, 277; *Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217

id. 432; *Lillibridge, Inc.,* v. *Johnson Bronze Co.,* 220 App. Div. 573.)

That the mere presence of an officer of a foreign corporation within the State, whether temporarily or permanently, is insufficient to confer jurisdiction upon the courts of this State where the foreign corporation is not doing business within the State was held in *Riverside Mills* v. *Menefee* (237 U. S. 189, 194, 195) where Chief Justice WHITE, writing the opinion of the court, said: " Without restating the *St. Clair Case** or the leading cases which have followed and applied it, we content ourselves with saying that it results from them that it is indubitably established that the courts of one State may not without violating the due process clause of the Fourteenth Amendment, render a judgment against a corporation organized under the laws of another State where such corporation has not come into such State for the purpose of doing business therein, or has done no business therein, or has no property therein, or has no qualified agent therein upon whom process may be served; and that the mere fact that an officer of a corporation may temporarily be in the State or even permanently reside therein, if not there for the purpose of transacting business for the corporation or vested with authority by the corporation to transact business in such State, affords no basis for acquiring jurisdiction or escaping the denial of due process under the Fourteenth Amendment which would result from decreeing against the corporation upon a service had upon such an officer under such circumstances."

In *Cody Motors Co.* v. *Warren Motor Car Co.* (196 Fed. 254) a motion to set aside the service of a summons upon a foreign corporation was granted where officers of the corporation were served in the State of New York at an automobile exhibition while conferring with different persons including local sales agents. The court said: " While the extent to which a corporation must do business in a State to justify the service of process upon it there is not clearly defined, it is certain that the transaction of some substantial business must be established and, in my opinion, that which took place at the Automobile Exhibition as above outlined did not amount to that. I fail to find the transaction of any substantial business within the State and, under the authorities, am constrained to hold that it was not subject to the service of process here."

In *Bagdon* v. *Philadelphia & Reading C. & I. Co.* (*supra,* 438) Judge CARDOZO (now Chief Judge) stated: " It is true that even the president of a foreign corporation may be here without bringing the corporation itself within this jurisdiction. He must be here ' offi-

---

*St. Clair v. Cox (106 U. S. 350).— [REP.

cially, representing the corporation in its business' (*Conley* v. *Mathieson Alkali Works*, 190 U. S. 406; *Kendall* v. *American Automatic Loom Co.*, 198 U. S. 477; *Goldey* v. *Morning News*, 156 U. S. 518). To give judgment in violation of that rule is to condemn the corporation unheard, and to ignore the essentials of due process of law."

In *Brandow* v. *Murray & Tregurtha Corporation* (203 App. Div. 47) the court said (at p. 49): "It is well settled that in order to give the court jurisdiction over a foreign corporation when service of the summons was made on an officer of the corporation temporarily within the State, it must appear that the corporation was doing business within the State, ' not occasionally or casually but with a fair measure of permanence and continuity.' (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) The mere fact that the officer, when casually here, in an isolated instance transacted business for the corporation, and was served with process at such time, gives the court no jurisdiction. (*Meyer* v. *Sachs Mfg. Co., Inc.*, 200 App. Div. 458; *Seaboard F. D., Inc.*, v. *Carlton-Moore Co., Inc.*, 199 id. 612, 616, and cases there cited; *Holzer.* v. *Dodge Brothers*, 233 N. Y. 216.) "

The law is stated in *Helme* v. *Buckelew* (191 App. Div. 59; revd., on other grounds, 229 N. Y. 363) as follows: " If the foreign corporation is doing business within the State it is likewise subject to the service of process as provided in section 432 of the Code of Civil Procedure (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259), while if it is not doing business in this State jurisdiction is not obtained by service of process on the officers and persons specified in said Code section. (*Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270.) "

The important point is " that the corporation shall have come into the State." (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) It must do some substantial part of its main business within the State. " The extent to which a corporation must do business in the State to justify the service of process upon its representative is not clearly defined, but under all of the authorities to which my attention has been called, it must be some substantial part of its main business. Nothing short of this will justify such service. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Pomeroy* v. *Hocking Valley Ry. Co.*, 218 N. Y. 530; *Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432; *People's Tobacco Co., Ltd.*, v. *American Tobacco Co.*, 246 U. S. 79; *Bethlehem Motors Corp.* v. *Flynt*, 256 U. S. 421; *Cody Motors Co.* v. *Warren Motor Car Co.*, 196 Fed. Rep. 254.) " (*Holzer* v. *Dodge Brothers*, 233 N. Y. 216, 221.)

" In my opinion, neither the fact that the contract was made in

this State nor that the president bought goods for the corporation in the isolated instances gave jurisdiction of the corporation." (*Meyer* v. *Sachs Mfg. Co., Inc.*, 200 App. Div. 458, 459.)

*Hamlin* v. *Barrett & Company* (246 N. Y. 554, affg. 220 App. Div. 763) is the latest authority in point upon the question of the jurisdiction of the court as to foreign corporations not doing business within the State, wherein it was held that service of a summons upon its officer should be set aside.

That was an appeal, by permission, from an order of the Appellate Division of the Supreme Court in the First Judicial Department, entered May 27, 1927, which reversed an order of Special Term denying a motion to set aside and vacate the service of the summons on defendant, respondent, and granted said motion. Respondent is a corporation organized under the laws of the State of Connecticut and owning and operating a factory in that State. It has no office or place of business in the State of New York. It does not now nor has it ever carried on business within the State. It has never taken out a certificate to do business, nor applied for a certificate and has no bank account, no money or property of any kind within the State. Its selling agent, however, maintains an office in the city of New York and has placed respondent's name on the door and listed it in the telephone directory. The following question was certified: " Was the defendant The Belamose Corporation, at the time of the service of the summons herein, doing business within the State of New York within the meaning of section 47 of the General Corporation Law? " The order was affirmed and the question certified was answered in the negative.

This seems to be decisive of the question involved in this case. (See to the same same effect *Rosenberg Co.* v. *Curtis Brown Co.*, 260 U. S. 516, and *Green* v. *The B. & M.*, 203 N. Y. Supp. 464.)

As plaintiff failed to prove that the defendant herein was doing business within this State, the service of the summons upon defendant's officer within this State must be set aside.

All of which is respectfully submitted to this honorable court.

SHIENTAG, J. Upon the foregoing papers this motion to confirm the referee's report is granted and motion to vacate attempted service of the summons on the defendant is granted.