MILTON KOHN, Plaintiff, *v.* WILKES-BARRE DRY GOODS COMPANY, Defendant.

City Court of New York, New York County, July 18, 1930.

*Jules Goldstein*, for the plaintiff.

*White & Case* [*Chester Bordeau* of counsel], for the defendant.

FINELITE, Official Referee: By an order made on June 4, 1930, by the Hon. VINCENT S. LIPPE, one of the justices of this court, the within proceeding was referred to Alexander Finelite, as official

referee, to take proof as to the acts done by the defendant with respect to doing business within the State of New York.

Said proceeding came on to be heard before the referee on June 10, 1930.

The defendant appears in support of the motion for an order vacating and setting aside the service of the summons upon the president of the defendant.

It appears from the facts herein that W. A. Jonas is the president of the defendant, and the summons and complaint were served in this action on May 13, 1930, in New York city.

The action is brought by a former employee of the defendant to recover the sum of $2,325.65 for alleged services he performed pursuant to a certain agreement, which is annexed to the complaint and marked " Exhibit A," under which he was to receive as compensation for his services as a buyer and manager of the defendant's store located in Wilkes-Barre, Pa., the sum of $60 per week as a salary and, in addition thereto, a sum representing the difference between said salary paid and an amount equal to six per cent of the total volume of net sales after deducting all credits and returns from customers. Said plaintiff also claims that the total net sales, after deducting all credits and returns from customers, amounted to $9,315.65. The plaintiff admits that he received the sum of $6,990 and claims that there is still due and owing to him the balance of $2,325.65.

It appears that the defendant is a foreign corporation organized under the laws of the State of Delaware and its place of business is in the city of Wilkes-Barre, Pa.

The defendant is engaged principally in the sale of dry goods and wearing apparel at its only store located in Wilkes-Barre, Pa. The defendant does no business of any kind within the State of New York.

The contract sued upon here was made in Wilkes-Barre, Pa., and calls for the performance in that city.

The president is the only employee of the defendant within the State of New York. He is not engaged in the defendant's business; he has neither carried on any business on behalf of the defendant within this State, nor has he carried on negotiations or concluded any deals of any kind in this State on behalf of the defendant.

The president of the defendant is an assistant secretary of Mercantile Stores Company, Inc., a New York corporation, in which connection the defendant's president is individually engaged, and it is because of this connection that he resides and remains here permanently.

The defendant has no office here, is not listed in the telephone directory, and has not made application to do business here.

It appears further from the facts herein that the defendant has a resident buyer here by the name of William T. Knott & Co., Inc., a New York corporation, which also acts as resident buyer for a number of other stores situated without the State.

The defendant pays this resident buyer for its services as such. Defendant does not pay the expenses of the operation of this company.

This is the substance of the evidence adduced in the hearing before this court.

Subdivision 7 of section 7 of the New York Civil Practice Act defines domestic and foreign corporations as follows: " A ' domestic corporation ' is a corporation created by or under the laws of the state, or located in the state, and created by or under the laws of the United States, or by or pursuant to the laws in force in the colony of New York before the nineteenth day of April in the year seventeen hundred and seventy-five. Every other corporation is a ' foreign corporation.' "

Judge SPENCER, in *McQueen* v. *Middletown Mfg Co.* (16 Johns. 5), states the common-law rule with regard to the jurisdiction of our courts over foreign corporations: " The process against a corporation, must be served on its head, or principal officer, within the jurisdiction of the sovereignty where this artificial body exists. If the president of a bank of another state, were to come within this state, he would not represent the corporation here; his functions and his character would not accompany him, when he moved beyond the jurisdiction of the government under whose laws he derived this character; and though, possibly, it would be competent for a foreign corporation to constitute an attorney to appear, and plead to an action instituted under another jurisdiction, we are clearly of the opinion, that the legislature contemplated the case of a liability to arrest, but for the circumstance, that the debtor was without the jurisdiction of the process of the courts of this state; and that the act, in all its provisions, meant, that attachments should go against natural, not artificial, or mere legal entities." (See, also, *Barnett* v. *Chicago & Lake Huron R. R. Co.*, 4 Hun, 114.)

The presiding justice in *Coolidge* v. *American Realty Co.* (91 App. Div. 14, at p. 16) said: " Jurisdiction over corporations, either foreign or domestic, can only be secured in the manner prescribed by statute."

Section 229 of the Civil Practice Act provides: " Personal service of summons upon foreign corporation. Personal service of the summons upon a foreign corporation must be made by delivering a copy thereof, within the state, as follows:

" 1. To the president, vice-president, treasurer, assistant

treasurer, secretary or assistant secretary; or, if the corporation lack either of those officers, to the officer performing corresponding functions under another name. * * *"

Section 224 of the General Corporation Law of 1929 of this State provides: "Action against foreign corporation. An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action."

These are the only statutory provisions regarding the jurisdiction of our courts over foreign corporations in suits brought by resident plaintiffs.

New York courts cannot entertain jurisdiction in suits against foreign corporations unless

1. They are doing business here;

2. Property belonging to them has been levied upon under a warrant of attachment;

3. The suit involves real property situated here.

In *Cochran Box & Mfg. Co.* v. *Monroe Binder Board Co.* (197 App. Div. 221) an action was brought by a domestic corporation against a foreign corporation having its place of business in the city of Monroe, Mich. The defendant in that case had an agent in New York city for the purpose of soliciting business for the defendant.

The court stated (197 App. Div. 222): "In order that jurisdiction may be obtained where a foreign corporation is a party, it is necessary that it either have property in the State or be doing business in the State; and that the process be served on an officer of the corporation, or, if such service cannot be made, then service may be made on a person designated for the purpose, as provided in section 16 of the General Corporation Law, and, if there is no such person designated, on a cashier, director or managing agent of the corporation within the State. (Code Civ. Proc. § 432; *International Harvester Co.* v. *Kentucky*, 234 U. S. 579; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) As to what constitutes doing business within the State, each case must depend upon its own facts to show that this essential requirement of jurisdiction exists. (*International Harvester Co.* v. *Kentucky*, *supra*.) There is no precise test of the nature or extent of the business that must be done. All that is requisite is that enough be done to enable us to say that the corporation is here. (*Tauza* v. *Susquehanna Coal Co.*, *supra*.)"

In *Cole* v. *Nash Motors Co.* (131 Misc. 922) it is stated: "As against this defendant, a foreign corporation not doing business in this State, the action could only be initiated by a warrant of attachment, duly granted, and pursuant to which property belonging

to the defendant against whom it is issued is found and levied upon within this State. (*Dimmerling* v. *Andrews*, 236 N. Y. 43.) "

In *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259) an action was brought by an individual resident of this State against a Pennsylvania corporation which had its principal office in Philadelphia and maintained a branch office in New York in charge of a sales agent. Judge CARDOZO (220 N. Y. 268) said: " Unless a foreign corporation is engaged in business within the State, it is not brought within the State by the presence of its agents. But there is no precise test of the nature or extent of the business that must be done. All that is requisite is that enough be done to enable us to say that the corporation is here (*St. Louis S. W. Ry. Co. of Texas* v. *Alexander*, 227 U. S. 218; *Washington-Virginia Ry. Co.* v. *Real Estate Trust Co. of Phila.*, 238 U. S. 185; *Int. Harvester Co.* v. *Ky., supra; Pomeroy* v. *Hocking Valley Ry. Co.*, 218 N. Y. 530.) If it is here it may be served (HALSBURY, L. C., in *Compagnie Generale Transatlantique* v. *Law*, [1899 A. C.] 431).''

Chief Judge HISCOCK in *Dollar Co.* v. *Canadian Car & Foundry Co.* (220 N. Y. 270, 275), in referring to section 229 of the Civil Practice Act, which was then section 432 of the Code of Civil Procedure, held that in an action by one foreign corporation against another foreign corporation, " the statute does not in express terms purport to authorize service upon a foreign corporation not doing business here simply because it might be possible to find one of its officers temporarily within the State. It provides generally for service upon a corporation which is ' a defendant,' and this language fairly and without strain can be interpreted as meaning that in a case where constitutionally and legally a foreign corporation can be made a defendant in our courts the summons shall be served upon it in the manner provided. A statute which points out how personal service of process may be made upon a defendant reasonably seems to be considering a case where a litigant can be made a defendant legally in our courts, rather than one in which our courts cannot constitutionally acquire jurisdiction by purported service of process."

Further on in the *Dollar* case, Chief Judge HISCOCK, pointing out the departure from the old rule which had been announced in *Pope* v. *Terre Haute Car & Mfg. Co.* (87 N. Y. 137) said (220 id. 276): " Giving to the cases cited by appellant's counsel, and of which *Pope* v. *Terre Haute Car & Mfg. Co.* (87 N. Y. 137) may be regarded as the leading one, all of the effect which can fairly be claimed for them, we find that this court originally was of the opinion that jurisdiction could constitutionally be acquired of a foreign corporation although not doing business in this State, by service of

process upon an officer temporarily and incidentally here, and that such service would comply with the due process provisions of the Constitution."

The *Pope* case held that the service of process upon the officer of a foreign corporation who may be found within our jurisdiction was sufficient to subject the foreign corporation to the jurisdiction of our courts.

Chief Judge HISCOCK said (220 N. Y. 277): "Subsequently the Supreme Court of the United States disagreed with the views of this court, and held that the requirements for due process as the basis of a judgment whereby a defendant was deprived of its property were not satisfied by service upon an officer of a foreign corporation having no business here and who was temporarily within the State for his own purposes. (*Riverside & Dan River Cotton Mills* v. *Menefee*, 237 U. S. 189.)

" This court, as was its duty in respect of such a question, yielded to the views of the Supreme Court. (*Bagdon* v. *Phil. & Reading C. & I. Co.*, 217 N. Y. 432.) Thus a constitutional interpretation has been established different than that which was entertained by the court when the *Pope* case was decided."

In *International Harvester Co. of America* v. *Kentucky* (234 U. S. 579, at p. 583) Mr. Justice DAY states: " For some purposes a corporation is deemed to be a resident of the State of its creation; but when a corporation of one State goes into another in order to be regarded as within the latter it must be there by its agents authorized to transact its business in that State. The mere presence of an agent upon personal affairs does not carry the corporation into the foreign State. It has been frequently held by this court, and it can no longer be doubted, that it is essential to the rendition of a personal judgment that the corporation be ' doing business ' within the State. *St. Louis S. W. Ry.* v. *Alexander*, 227 U. S. 218, 226, and cases there cited."

Mr. Chief Justice WHITE, in *Riverside & Dan River Cotton Mills* v. *Menefee* (237 U. S. 189, 193), where an action was brought by a resident of North Carolina to recover for personal injuries against a foreign corporation not doing business in the State of North Carolina, stated the rule regarding the jurisdiction of State courts over foreign corporations as follows: " That to condemn without a hearing is repugnant to the due process clause of the Fourteenth Amendment needs nothing but statement. Equally well settled is it that the courts of one State cannot, without a violation of the due process clause, extend their authority beyond their jurisdiction so as to condemn the resident of another State when neither his person nor his property is within the jurisdiction of the court

rendering the judgment, since that doctrine was long ago established by the decision in *Pennoyer* v. *Neff*, 95 U. S. 714, and has been without deviation upheld by a long line of cases, a few of the leading ones being cited in the margin."

And again (237 U. S. 194): "Without restating the *St. Clair* case [106 U. S. 350], or the leading cases which have followed and applied it, we content ourselves with saying that it results from them that it is indubitably established that the courts of one State may not without violating the due process clause of the Fourteenth Amendment, render a judgment against a corporation organized under the laws of another State where such corporation has not come into such State for the purpose of doing business therein, or has done no business therein, or has no property therein, or has no qualified agent therein upon whom process may be served; and that the mere fact that an officer of a corporation may temporarily be in the State or even permanently reside therein, if not there for the purpose of transacting business for the corporation or vested with authority by the corporation to transact business in such State, affords no basis for acquiring jurisdiction or escaping the denial of due process under the Fourteenth Amendment which would result from decreeing against the corporation upon a service had upon such an officer under such circumstances."

So it appears that the defendant as a foreign corporation cannot be sued in this jurisdiction unless it is either doing business here or has property here which has been levied upon. No warrant of attachment has been issued herein.

The evidence here as to what defendant does within the State of New York establishes that the defendant has a resident buyer here who buys merchandise on behalf of the defendant and that buyers from Wilkes-Barre, Pa., where the defendant's only store is located, come here to make purchases. The resident buyer has also approved orders for purchases made by the buyers from Wilkes-Barre, Pa.

This is not doing business so as to subject the defendant to the jurisdiction of this court. (*Rosenberg Bros. & Co.* v. *Curtis Brown Co.*, 260 U. S. 516, 517 [Jan. 1923]; *Scheinman* v. *Bonwit, Teller & Co.*, 132 Misc. 311.)

Courts had held theretofore that buying here was doing business under the statute. (*National Furniture Co.* v. *Spiegelman & Co.*, 198 App. Div. 672 [Nov. 1921]; *Fleischmann Const. Co.* v. *Blauner's*, 190 id. 95 [Dec. 1919].)

The Supreme Court of the United States in January, 1923, overruled these latter decisions in the *Rosenberg Case* (*supra*) where Mr. Justice BRANDEIS states: "The sole question for decision is

whether, at the time of the service of process, defendant was doing business within the State of New York in such manner and to such extent as to warrant the inference that it was present there. * * * Its only connection with New York appears to have been the purchase there from time to time of a large part of the merchandise to be sold at its store in Tulsa. The purchases were made, sometimes by correspondence, sometimes through visits to New York of one of its officers. * * * The only business alleged to have been transacted by the company in New York, either then or theretofore, related to such purchases of goods by officers of a foreign corporation. Visits on such business, even if occurring at regular intervals, would not warrant the inference that the corporation was present within the jurisdiction of the State. Compare *International Harvester Co.* v. *Kentucky*, 234 U. S. 579; *People's Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79."

Thereafter the Appellate Term of the Supreme Court, First Judicial Department, in *Hartstein* v. *Seidenbach's, Inc.* (129 Misc. 687 [June, 1927]), held that where a foreign corporation maintained an office here in which purchases of merchandise were regularly made and in which it kept books, stationery and advertising matter, was doing business here and was subject to the jurisdiction of our courts. Mr. Justice DELEHANTY dissented on the authority of the *Rosenberg Case* (*supra*) and a number of other cases listed in the dissenting memorandum.

In *Hamlin* v. *Barrett & Co., Inc.* (246 N. Y. 554 [Oct. 1927]) it appeared that the defendant was a foreign corporation of the State of Connecticut and had no office or place of business in the State of New York. It further appeared that the defendant did not at the time of the suit have an office or place of business in the State of New York. It did not nor had it ever carried on business within the State. It had never taken a certificate to do business, nor applied for such certificate; had no bank account; nor money or property of any kind within the State. The defendant's selling agent, however, maintained an office in the city of New York and had placed the defendant's name on the door and listed it in the telephone directory. The Court of Appeals in answer to a certified question held that this was not doing business so as to subject the foreign corporation to the jurisdiction of our courts. (*Scheinman* v. *Bonwit, Teller & Co.*, 132 Misc. 311.)

That case presented a stronger set of facts to establish doing business than the case at bar. It appeared there that three officers of the defendant were residents in the State of New York; that regularly and systematically purchases of merchandise were made here; and that the suit was brought to recover the purchase price of

merchandise bought here by the defendant. (*Green* v. *B. & M.*, 203 N. Y. Supp. 464, 466 [1924]; *Meyer* v. *Sachs Mfg. Co.*, 200 App. Div. 458.)

It has been held that the maintenance of an office within the State of New York does not establish that a foreign corporation is doing business here. (*Lillibridge, Inc.*, v. *Johnson Bronze Co.*, 247 N. Y. 548.)

Nor does the continued presence of an officer here establish that a foreign corporation is doing business. (*International Fuel & Iron Corp.* v. *Donner Steel Co.*, 242 N. Y. 224; *Riverside & Dan River Cotton Mills* v. *Menefee, supra.*)

New York State courts must yield to Federal decisions on questions involving the jurisdiction over foreign corporations. (*Dollar Co.* v. *Canadian Car & Foundry Co., supra; Bagdon* v. *Philadelphia & Reading Coal & Iron Co.*, 217 N. Y. 432.)

Furthermore, the fact that a domestic corporation controls a foreign corporation by stock ownership and directs its management and operation does not subject the foreign corporation to the jurisdiction of our courts.

*Compania Mexicana Refinadora Island* v. *Compania Metropolitana De Oleoductos* (250 N. Y. 203, 208): " The defendant corporations cannot be said to have come into the State merely because the parent company, exercising domination derived from its stock ownership, gave directions as to the manner in which the defendants' officers in Mexico should conduct the defendants' affairs. Such directions constitute no part of the corporate business. In giving those directions, the parent company did not act as agent for the subsidiary corporation. It acted only for itself."

It is, therefore, respectfully submitted to this honorable court that as the defendant had no place for the transaction of business within this State, and has failed to file a certificate allowing it to do business in this State, and pursuant to section 229 of the Civil Practice Act and section 224 of the General Corporation Law of 1929, the service of the said summons and complaint upon the president of the defendant corporation should be vacated and set aside, and the defendant should recover the costs incurred in this proceeding.

All of which is respectfully submitted to this honorable court.

LIPPE, J.   A motion having been made by the defendant for an order vacating and setting aside the service of a summons herein, and said motion having duly come on to be heard on June 4, 1930, and this court by order dated June 4, 1930, having directed that the issue as to the acts done by the defendant with respect to doing business within the State be referred to Hon. Alexander Finelite, official

referee, to hear and report, and the report of the official referee, dated June 27, 1930, having been filed with the clerk of this court, and a motion having been made by the defendant to confirm said report, and said motion having duly come on to be heard, now, upon reading and filing the order to show cause dated May, 1930, the affidavits of W. A. Jonas, verified May 23, 1930, and June 3, 1930, submitted in support of said motion, and the affidavit of Milton Kohn, verified May 26, 1930, submitted in opposition to the motion, the order of this court, dated June 4, 1930, the report of Official Referee Alexander Finelite, dated June 27, 1930, the notice of motion dated June 30, 1930, and after hearing Mr. Chester Bordeau in support of the motion and Mr. Jules Goldstein in opposition thereto, and due deliberation having been had thereon, it is hereby

Ordered, that the motion to confirm the report of Hon. Alexander Finelite, referee, dated June 27, 1930, be and the same hereby is confirmed in all respects, and it is further

Ordered, that the motion of the defendant to vacate the service of the summons herein be and the same hereby is granted, and it is further

Ordered, that the plaintiff pay the defendant ten dollars costs on this motion and fifteen dollars costs and disbursements in connection with the reference before Hon. Alexander Finelite, referee.