BRUNO TRAUTMAN, Plaintiff, v. TAYLOR-ADAMS COMPANY, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, June 15, 1931.

Joseph J. Weinblatt, for the plaintiff.

Samuel M. Reiss, for the defendant.

Watson, J. Defendant moves to vacate the service of the summons for lack of jurisdiction.

It appears from the moving papers that on or about January 1, 1931, the defendant, a foreign corporation, engaged in the business of manufacturing women's and misses' wash dresses, caused Abraham Adelson, one of its officers, to bring into New York city a sample case of approximately forty dresses for the purpose of displaying the same to various buyers who might be interested in that line of merchandise. Permission was obtained to display these samples in the office of one J. H. Moffett, located at 1350 Broadway. All orders received for such merchandise were sent to defendant at the office in Boston, Mass., for acceptance, and the merchandise so purchased was shipped from there and payments therefor were made at its home office. Defendant maintains no office, warehouse or agency in this State. All its books of accounts and matters relating to its business are kept and maintained at its home office.

During the month of February, 1931, plaintiff solicited defendant's permission to sell its line of merchandise, whereupon an agreement was made whereby plaintiff agreed to sell defendant's merchandise upon a commission basis, at the rate of seven per cent of the amount of the net sales. Pursuant to such agreement plaintiff procured orders for the sale of defendant's merchandise upon which net sales he received commissions direct from defendant's office in Boston. except the disputed amount which is the subject of this suit.

During the month of April, 1931, defendant discontinued plaintiff's services and requested the return of the sample dresses which were brought to New York city on January 1, 1931, and which were left with plaintiff for the purpose of display and solicitation of orders. Plaintiff's failure to comply with such request necessitated Adelson's return to New York on April 30, 1931, to demand on behalf of defendant the return of said dresses on which date he was served with the summons in this action.

It has not been shown that the defendant had been engaged in business in this State or that it had any transaction other than this one.

In *Brandow* v. *Murray & Tregurtha Corporation* (203 App. Div. 47, at p. 49) the court said: " It is well settled that in order to give the court jurisdiction over a foreign corporation when service of the summons was made on an officer of the corporation temporarily within the State, it must appear that the corporation was doing business within the State, ' not occasionally or casually but with a fair measure of permanance and continuity.' (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) The mere fact that the officer,

when casually here, in an isolated instance transacted business for the corporation, and was served with process at such time, gives the court no jurisdiction. (*Meyer* v. *Sachs Mfg. Co., Inc.*, 200 App. Div. 458; *Seaboard F. D., Inc.*, v. *Carlton-Moore Co., Inc.*, 199 id. 612, 616; *Holzer* v. *Dodge Bros.*, 233 N. Y. 216.) "

In the recent case of *Panscrape Corporation* v. *Metal Textile Corporation* (U. S. D. C., S. D. N. Y., decided Feb. 17, 1931) Coxe, D. J., in granting a motion to quash for lack of jurisdiction, rendered the following memorandum decision: " I do not think enough has been shown to sustain the service in this case. (*Rosenberg* v. *Curtis*, 260 U. S. 516; *Tauza* v. *Susquehanna*, 220 N. Y. 259.) The Herter Company acts merely as a commission agent, and has no authority to ship, bill, or receive payment on orders booked. Its function is merely solicitation; and that of itself is insufficient to support the jurisdiction. (*Green* v. *Chicago*, 205 U. S. 530; *Peoples* v. *American*, 246 id. 79.) The placing of the defendant's name on the directory board at 100 Hudson street, and the listing in the telephone book and the corporation directory, were for the convenience, and at the expense, of the Herter Company, and without direct authority from the defendant. In any event, they do not indicate such a systematic and regular course of business as to warrant the inference that the defendant was present in this district when the subpœna was served. (*International* v. *Kentucky*, 234 U. S. 579; *Rosenberg* v. *Curtis*, *supra*.) Neither is the placing of the name ' New York,' with that of six other large cities, on the defendant's letterhead to be taken as a recognition of the existence of a general office here, or an admission that the defendant was ' doing business ' in New York."

It is quite evident from the facts in the instant case and from the authorities cited that the defendant was not doing business in this State so as to render it amenable to the service of process.

Plaintiff says that in any event the service of the summons upon the defendant should be sustained because under section 224 of the General Corporation Law* an action against a foreign corporation may be maintained by a resident of the State for any cause of action, and that the corporation was present in this State when Adelson, its officer, upon whom the summons was served, returned to New York on April 30, 1931.

This contention is erroneous. Unless a foreign corporation is engaged in business within the State it is not brought within the State by the presence of its agents or officers. Therefore, service of process may be made only when the foreign corporation is properly

---

* Former section 46; renum. § 224 by Laws of 1929, chap. 650.— [Rep.

a defendant; that is, when it is doing business within the State (*Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270, 277.)

It is also contended by plaintiff that the challenge of jurisdiction over the defendant is not " technically and properly made," in that it is not specifically stated in the moving papers that defendant appears specially to contest such jurisdiction. Although defendant has failed to comply literally with section 78, subdivision 8, and section 88 of the New York City Municipal Court Code, with respect to the filing of a notice of special appearance, the failure so to do is a mere irregularity. (*DeVeau* v. *Pachinsky*, 169 N. Y. Supp. 1039.) The motion is made solely for the purpose of attacking the jurisdiction of the court over the defendant, and the moving papers are clearly indicative of defendant's intention not to appear generally in this action.

The motion to vacate and set aside the service of the summons upon the defendant, and to vacate any judgment which may have been entered thereon is granted, with ten dollars costs.