138 So.2d 383 (1962)
AMPHICAR CORPORATION OF AMERICA, a New York Corporation, Appellant,
v.
GREGSTAD DISTRIBUTING CORPORATION, a Florida Corporation, Appellee.
No. 61-668.
District Court of Appeal of Florida. Third District.
March 1, 1962.
Rehearing Denied March 23, 1962.
*384 Schwarz & Cohen and Jack M. Bernard, Miami, for appellant.
Mitchell M. Goldman, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
PEARSON, TILLMAN, Chief Judge.
The appellant, Amphicar Corporation of America, a New York corporation, brings this interlocutory appeal from an order relating to jurisdiction over the person. The order denying motion to dismiss is affirmed. The purpose of this opinion is to state the reasons for this decision since our research discloses no case in this jurisdiction in which the same or a similar fact situation was considered.
The complaint alleges that defendant-appellant breached a written contract. The defendant, Amphicar, moved to dismiss stating as grounds therefor:
"1. That the defendant does not transact and had never transacted business in the State of Florida.
"2. That the defendant does not maintain any office, agent, or other representative, for the regular transaction of business in the State of Florida.
"3. That this is an action in personam.
"4. That the plaintiff has failed to comply with statutory and constitutional requirements."
The motion was argued before the court upon the complaint, interrogatories and answers, and the affidavit of defendant's president filed in support of the motion. The following facts were made to appear. Amphicar is an automotive manufacturer. The president of the corporation came into the State of Florida upon corporate business. He was attending a foreign and sports car show where the corporation exhibited its product and sought business for the corporation. The corporation was served with process by service upon the president while he was in the state in order to be present at the exhibit.
The appellee points out that we are here dealing with service upon the president of the corporation pursuant to Section 47.17, Fla. Stat., F.S.A.: "Process against any corporation, domestic or foreign, may be served: (1) Upon the president or vice-president, or other head of the corporation; * * *." The appellee urges that this is not "service upon any agent" as provided by Section 47.171. Nevertheless we think the burden is upon one who seeks to invoke the jurisdiction of the court over a foreign corporation not qualified to transact business in Florida to show: (1) that the corporation is doing business in this state and (2) that the cause of action upon which it sues is one which arose out of the activities of the foreign corporation within this state. Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594.
We have examined Apgar v. Altonna Glass Co., 92 N.J. Eq. 352, 113 A. 593 and Brandow v. Murray & Tregurtha Corporation, 203 App.Div. 47, 196 N.Y.S. 293 relied upon by the appellant. Although service of process upon an officer of a corporation while in attendance at a convention was involved in the Apgar case, supra, any discussion therein relating to the proposition with which we are concerned loses its persuasive force due to the fact that the *385 basis of the decision was that the contract sued upon had been executed in another state.
The Brandow decision is in point and held that service of process on an assistant-treasurer of a foreign corporation who was in New York in charge of the corporation's exhibit at a motorboat show was not binding on the corporation. The court reasoned that under New York law service of process upon an officer of a foreign corporation temporarily within the state would not confer jurisdiction over the corporation absent a showing that the corporation was doing business within the state, not occasionally or casually, but with a fair measure of permanence and certainty.
We have declined to follow the rationale of this decision because we believe that it runs contra to the course of the Florida law. See State ex rel. Weber v. Register, Fla. 1953, 67 So.2d 619. We conclude that the trial judge did not err when he found that Amphicar was doing business in this state. The sending of the principal officers of a corporation into this state for the purpose of promoting and furthering the company's business in Florida and to encourage the use of its products, amounts to doing business within the state so as to permit service of process on the company's agent here. In Zirin v. Charles Pfizer & Co., supra, 128 So.2d at 599 Mr. Justice Drew speaking for the Florida Supreme Court in approving the dissent by Judge Chas. Carroll in Zirin v. Charles Pfizer & Co., Fla.App. 1960, 121 So.2d 694, said:
"In these days of jet airplanes and modern communications, it cannot be logically argued that the trial of such a cause away from home or principal place of business of the corporation imposes any undue hardship upon it. The courts of this State are always open to the use of such corporations to enforce obligations owed it by Florida citizens. There is no reason why, under the circumstances and subject to the limitations mentioned, the courts of this State should not be available to its own citizens to enforce the obligations of the foreign corporation."
He further pointed out that the landmark case of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, (decided after the Brandow case, supra) recognized the inapplicability of the old cases relating to service of process upon foreign corporations.
Turning to the second support required for the service (that the cause of action upon which it sues is one which arose out of the activities of the foreign corporation within this state), it does not appear from the record brought to us on this interlocutory appeal that the cause of action being sued upon was one which arose out of the activities of the defendant-corporation in this state. But we do not have all of the proofs which were before the trial judge. An appellate court will presume that the order appealed was properly entered in the trial court unless the record presented demonstrates that it was not. It is incumbent upon the appellant to have included in the record all matter necessary to support his contentions on appeal. Therefore, our problem is: does this record show that this order is unsupported as to proof that this cause of action arose out of activities of the appellant (foreign) corporation in this state?
The contract between the plaintiff and the defendant (which is the "cause of action" referred to in rule 1.10, F.R.C.P., 30 F.S.A.) was attached to the complaint. It is not a part of the record here. No other part of the record shows what this contract may have shown, i.e. whether the breach of contract was a part of the activities of the defendant-corporation in this state. Therefore the appellant has failed to demonstrate that the plaintiff did not carry its burden in the trial court.
Affirmed.