HARRIS, Chief Judge.
Rhoderick Z. Lavender, as personal representative, sued Northeast Transportation, Ltd. for the wrongful death of Koleda Lavender caused by the negligence of David Brown while driving in Volusia county a vehicle leased from Northeast while in New Hampshire.
On appeal, Northeast challenges the trial court’s determination that it was properly subject to long-arm service based on the pleadings filed in this cause. The complaint seeks to justify this manner of service by alleging: “[a]t all times material hereto, the defendant, Northeast Transportation, Ltd. (hereinafter “Northeast”), was a foreign corporation doing business in the State of Florida.”
Northeast challenged this jurisdictional allegation via a motion to dismiss and by filing an affidavit stating that it was not a Florida corporation, not registered in Florida and had never conducted any business activity in Florida. Further, Northeast alleged by affidavit that it leased the vehicle only for use in New Hampshire and New York. It specifically denied, under oath, that any of its agents had knowledge that its vehicle would be driven to Florida or that they had consented to or acquiesced in such use.[1]
In its motion to dismiss and its proof (by affidavit), Northeast challenged the only jurisdictional basis alleged in the complaint. It was not necessary that Northeast allege that Lavender’s complaint “had insufficient allegations to establish personal jurisdiction” as urged by Lavender because the filing of the motion to dismiss itself raises the legal sufficiency of the pleadings. Elmex Corp. v. Atlantic Federal Savings and Loan Ass’n, 325 So.2d 58 (Fla. 4th DCA 1976). Northeast went further and offered proof that the jurisdictional allegation was untrue. It was then Lavender’s obligation to “clearly show by competent proof that the allegations of the complaint justify the application of the long-arm statute.” Elmex, 325 So.2d at 62. On appeal, Lavender no longer contends that Northeast was “doing business in the State of Florida.” He now seeks to justify the service based on the agency relationship underlying Florida’s dangerous instrumentality law, i.e., that Northeast, through its agent, committed a tort in Florida. This was not *1195 the basis urged in the complaint and addressed by the motion to dismiss and should not be considered on appeal.
Lavender does not contend that he filed an affidavit to contradict Northeast’s motion or that he put on evidence at the hearing that would show that Northeast was “doing business” in Florida. The appealed order recites that the court considered the complaint, affidavits, applicable case law and argument. Therefore, the transcript of the motion hearing is unnecessary. The court reviewed the same complaint and the same motion with the same affidavit that is before us and the law on jurisdiction is the same for our court and the circuit court.
We reverse the trial court’s holding that, under the present complaint, Northeast is properly before the court. If the complaint is amended to allege jurisdiction on the basis of Northeast’s commission of a tort in Florida, then, upon reservice, that issue can be properly addressed in the trial court.
REVERSED.
GRIFFIN, J., concurs.
THOMPSON, J., dissents, with opinion.
THOMPSON, Judge.
Rhoderick Z. Lavender brought suit against Northeast, Michelle Dauphinais, Cheol I. Kim and David A. Brown. Northeast is a car rental company that rented a car to Dauphinais and Kim as authorized drivers. At the time of the accident, Brown, a driver not authorized by Northeast, was driving the automobile in Volusia County. Northeast’s registered agent was served with a summons in New Hampshire. Northeast, a corporation that has its principal place of business in New Hampshire, filed a motion to dismiss the complaint for lack of personal jurisdiction. Northeast also filed an affidavit to support its claim of lack of jurisdiction. The trial court held a contested hearing with the parties present. After the hearing, the circuit court denied the motion. I would affirm.
The circuit court scheduled the hearing because Northeast’s motion to dismiss alleged that the facts pled in the complaint to establish jurisdiction were not accurate. In its motion, Northeast alleged that it was a New Hampshire corporation not doing business in Florida; it had not given Dauphinais, Kim or Brown permission to drive in Florida; it had no knowledge the car was being operated in Florida since it was rented with the understanding that it was to be operated between the states of New Hampshire and New York, and Northeast committed no tor-tious acts in Florida. Northeast filed an affidavit in support of its motion to dismiss.[1] Lavender did not file an affidavit in opposition to the affidavit of Northeast. I would *1196 affirm this ease because of the lack of a record of the trial proceedings; specifically, Northeast did not provide a record of the contested hearing held on its motion to dismiss. Since the decision of the trial court is presumed correct[2] and Northeast has the burden of demonstrating error, the failure to provide a record of the contested hearing leaves this court with no alternative but to affirm the trial court. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
Lavender scheduled Northeast’s motion to dismiss for a contested hearing. Since Lavender could present testimony as well as affidavits at the hearing, Holton v. Prosperity Bank of St. Augustine, 602 So.2d 659, 661 (Fla. 5th DCA 1992), we have no way of knowing what the trial judge heard because there is no transcript of the hearing in the record. From the briefs of the parties, we know that Lavender did present some evidence on the issue at the hearing. Lavender may have presented an affidavit or affidavits, or a witness or witnesses at the hearing.[3] Without a record, we simply do not know.
Since there is no transcript in the record before this court, we must assume that the evidence presented at the hearing supported the trial court’s decision to deny the motion to dismiss, implicitly finding that Northeast has sufficient minimum contacts with Florida to meet due process requirements. Apple-gate, 377 So.2d 1150.

. Notice that section 48.171, Florida Statutes (1993), appears to authorize service of process on a nonresident owner of a vehicle who leases such vehicle only if such owner permits the vehicle "to be operated with his knowledge, permission, acquiescence or consent, within the state ...” Northeast's knowledge or consent is not alleged in the complaint.

.The affidavit is set forth below:
I, RICHARD BRUNO, of Goffstown, Hillsbor-ough County, New Hampshire, on oath make affidavit and say as follows:
1. On February 11, 1993, I was the Manager of the office of Northeast Transportation, Ltd., a franchisee of National Car Rental.
2. In my capacity as Manager, I personally supervised the rental of a 1992 Subaru Legacy Wagon to Michelle Dauphinais.
3. At the time I rented the automobile to Miss Dauphinais, I inquired of Miss Dauphinais with regard to the use to which she intended to put the automobile which she was renting. It is the normal and customary practice of Northeast Transportation, Ltd., always to make such inquiry of customers. The information gained from such inquiry influences the rate which applies to the particular rental.
4. I was informed by Miss Dauphinais that the automobile would be used to travel from Lebanon, New Hampshire, to Hanover, New Hampshire, and then to New York City and return. Based upon that information, the rate which was charged to Miss Dauphinais was established.
5. Miss Dauphinais subsequently called from New York and requested that she be permitted to add an additional driver to the contract. She was informed that she could not have an additional driver on the contract and could not have an additional driver driving the automobile until the additional driver physically came to the National Car Rental/Northeast Transportation, Ltd., office in Lebanon, New Hampshire, and exhibited her driver's license and signed the contract.
6. Shortly after the phone call, Miss Dauphi-nais returned with the automobile and with Cheol Kim, who executed the contract and exhibited her driver's license to a member of the staff of Northeast Transportation, Ltd.
7. At all times, it was the understanding of Northeast Transportation, Ltd., and its agents that the rented automobile would be used in the area between Hanover, New Hampshire, and New York City. At no time did any person from Northeast Transportation, Ltd., have knowledge that such automobile would be driven to Florida. Further, no agent or servant of Northeast Trans *1196 portation, Ltd., gave permission, acquiescence or consent to such use of the automobile. The only permission, acquiescence or consent given was to use the automobile between Hanover, New Hampshire, and New York Oily.
8. Northeast Transportation, Ltd., is not a Florida corporation but rather is a New Hampshire corporation which is not authorized to do business in the State of Florida. Northeast Transportation, Ltd., conducts no business or business venture in the State of Florida or any States other than the States of New Hampshire and Vermont.

. See Terry v. Conway Land, Inc., 508 So.2d 401 (Fla. 5th DCA 1987) (trial court must be sustained if correct for any reason), approved, 542 So.2d 362 (Fla. 1989); Amphicar Corp. of America v. Gregstad Distrib. Corp., 138 So.2d 383 (Fla. 3d DCA 1962) (appellate court will presume the order appealed from was properly entered unless the record presented demonstrates that it was not and it is incumbent upon the appellant seeking reversal of order denying its motion to dismiss for lack of personal jurisdiction to include in the record all matter necessary to support its contentions on appeal).

. The trial judge's order recites that he reviewed "the plaintiffs complaint, the affidavits filed by the parties....” We do not know if this was a form order and the language inadvertent or if there were other affidavits presented to the trial judge in addition to the affidavit of Richard Bruno.