COBB, Judge.
The issue here is in personam jurisdiction in Florida over Northeast Transportation, *158 Ltd., a New Hampshire corporation, pursuant to section 48.193, Florida Statutes, this state’s “Long-Arm Statute.” The trial court found that the plaintiff below did not show that Northeast had sufficient minimum contacts with this state and therefore granted a defense motion to dismiss. This is the second time this case has been before us on the issue of jurisdiction, the first time concerning allegations restricted to whether or not Northeast did business in the State of Florida. See Northeast Transportation, Ltd. v. Lavender, 643 So.2d 1193 (Fla. 5th DCA 1994).
This case arises out of an automobile collision that occurred in Volusia County, Florida in February, 1993, when a rental car (a Subaru) owned by Northeast and driven by one David Anthony Brown, collided with a vehicle in which Koleda Lavender was a passenger, resulting in her death. Northeast, which has offices in New Hampshire and Vermont, is a franchisee of a nationwide car rental agency, National Car Rental. Some ten days before the accident, Northeast rented the Subaru to one Michelle Dauphinais in West Lebanon, New Hampshire, for use by a friend, one Cheol Kim, who planned to use the car during college spring break. At the time Dau-phinais rented the ear, she knew that Cheol and her boyfriend (Brown) planned to take the car to either Texas or Florida.
At the time Dauphinais rented the car, she told the rental agent of Northeast that she was going to drive the Subaru to New York, meet there with Cheol, and deliver the Subaru to the latter’s control. The written contract contained only one provision relating to any area restriction on use of the car: use in Mexico was prohibited without the prior written permission of Northeast. Dauphinais listed Cheol as an “additional driver” on the rental contract. There is no evidence that any representative of either National or . Northeast ever advised either Dauphinais or Cheol that the Subaru was not to be driven outside of the New England and New York areas.
It is clear that Northeast is vicariously liable for any negligent operation of its vehicle by Brown under Florida’s dangerous instrumentality doctrine unless it could be said that Brown’s operation of the vehicle, which was entrusted to him by Cheol, was a breach of custody amounting to a species of conversion or theft, which would relieve Northeast of responsibility. Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959). Under Susco, no such conversion occurred under the facts of the instant case. Even Northeast does not contend that Brown could have been prosecuted for theft of the Subaru.
We believe that Brown’s tortious act in Florida was sufficient to establish in person-am jurisdiction over the nonresident corporate defendant owner of the vehicle. When Northeast leased the Subaru automobile to Dauphinais in New Hampshire, with no restrictions in regard to where it was to be used in the United States, it reasonably should have expected that it could be haled into a court in Florida. That satisfies its constitutional due process rights.
REVERSED.
PETERSON, C.J., and DAUKSCH, J., concur.